**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald Leslie HOPWOOD, Defendant-Appellant.**

**No. 100–69.**

United States Court of Appeals, Tenth Circuit.

March 12, 1970.

J. Lawrence Hamil, Denver, Colo., for defendant-appellant.

James M. Peters, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., was with him on the brief) for plaintiff-appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

PER CURIAM.

Appellant was summarily denied relief sought by motion under 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma and now appeals contending that the court erred in determining that the files and records of the case conclusively showed that his motion lacked merit. We agree and accordingly remand the case with directions to grant an evidentiary hearing on certain aspects of appellant's claims.

Appellant is presently serving consecutive sentences of 15 and 5 years imposed after entry of pleas of guilty to the charge of bank robbery, 18 U.S.C. § 2113(a), (d), one such offense arising within the Western District of Okla-homa and the other reaching that court through Fed.R.Crim.P. 20 transfer from the Western District of Washington. Appellant alleged that his pleas should be set aside because of inadequate representation by counsel and violations of Fed.R.Crim.P. 11 and 32(c) (1).

The record and files of the case indicate that appellant's complaint directed at his counsel is patently without merit and fully support the trial court's ruling in this regard. Representation of appellant was not only adequate but was effective and persuasive in the matter of reduction in sentence.

The record does not conclusively show that the sentencing court complied with the letter of Rule 32(c) (1) but to the contrary indicates that a pre-sentence report was submitted to the court in the Rule 20 case prior to the entry of plea. However, here, as in Gregg v. United States, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442, we are satisfied that no possible prejudice could result to appellant if, in fact, the court had actually read the report. The preparation of the report had earlier been requested by appellant, then in custody, to accelerate procedures in anticipation of the Rule 20 transfer. Since a Rule 20 case could only proceed in Oklahoma by plea of guilty or nolo contendere we hold that the circumstances are such as to warrant denial of relief for this procedural error, although we caution that submission of the report before entry of plea "constitutes error of the clearest kind." Gregg v. United States, *supra,* at 492, 89 S.Ct. at 1136.

Appellant was sentenced in 1963 at which time Rule 11 allowed the sentencing court to accept a plea of guilty after simple determination that the "plea [was] made voluntarily with understanding of the nature of the charge." The record here negatives even the most informal inquiry to satisfy this basic requirement probing the voluntariness of a plea and, in addition, appellant now affirmatively alleges that his pleas were based on an assurance by a federal agent

that he would receive concurrent sentences. Both non-compliance with Rule 11 and the affirmative claim of appellant dictate an evidentiary hearing making appropriate inquiry into the fact of whether appellant's pleas were voluntary. Stephens v. United States, 10 Cir., 376 F.2d 23, 24, cert. denied, 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176, *citing* Nunley v. United States, 10 Cir., 294 F.2d 579, cert. denied, 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527. Owensby v. United States, 10 Cir., 353 F.2d 412, cert. denied, 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305, is clearly distinguishable.