Fred Lee BROOKS, Appellant,

v.

UNITED STATES, Appellee.

No. 4982.

District of Columbia Court of Appeals.

Argued Nov. 3, 1969.

Reargued Jan. 8, 1970.

Decided March 13, 1970.

Leo M. Romero, Washington, D. C., for appellant.

Harvey S. Price, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Gregory C. Brady, Asst. U. S. Attys., were on the brief, for appellee. Daniel E. Toomey, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge.

Appellant was convicted of being present in an illegal establishment, D.C.Code 1967, § 22–1515(a) (PIE), and of narcotics vagrancy, D.C.Code 1967, § 33–416a(b) (1) (B) (PAD).

An F.B.I. agent was informed by a reliable source that a federal escapee, for whom the agent was searching, was selling narcotics in the basement of a Wallach Place, N. W., building. The agent notified a detective of the Metropolitan Police Department of his plans to apprehend the escapee and requested that the detective meet him at the Wallach Place address to render assistance. The agent arrived at the building about 35 minutes after he received his "tip." The door to the basement was slightly ajar and the agent opened it sufficiently to step inside, announce his identity, and observe what was in the basement. Although he did not see the escapee, he did observe several people, including appellant, and an open box containing narcotics paraphernalia. The occupants of the basement were arrested, given the required warnings, and searched. Nothing was recovered from appellant's person, but needle marks were observed on his arms. Also, he admitted that he was a narcotics user. The paraphernalia seized was shown to have contained and to have been used for narcotics.

Prior to the date of the arrest of appellant, the owner of the building had made several complaints to the police, as had the building's tenants, about the use of the basement area by addicts. Locks on the doors and windows had been repeatedly broken by trespassers. The landlord had not given appellant, nor any other persons arrested with him permission to enter or use the premises.

The appellant contends that the trial court erred in its rulings that he had no standing to challenge the admission into evidence of the seized narcotics paraphernalia and that he had no standing to challenge the right of the officer to enter the premises.

The appellant also urges upon us the argument that the Code sections under which he was convicted are void for vagueness.

I

The constitutional issues raised by appellant are thoroughly considered in our opinion in United States v. McClough, D.C. App., 263 A.2d 48 (decided March 13, 1970), upholding the validity of the statutes in question. Because the information charging appellant with a violation of the PAD statute failed to allege knowledge of the presence of illicit narcotics in the basement as required by *McClough*, we reverse that conviction and remand with instructions to dismiss the information without prejudice.[1]

II.

For the reasons stated below, we affirm appellant's conviction under the PIE statute. The trial court found, and we agree, that appellant was a trespasser upon the premises, and therefore did not qualify as a person aggrieved by an alleged unlawful search and seizure on the premises.

---

1. The instant case was argued originally before Chief Judge Hood and Associate Judges Fickling and Kern. Subsequently, the court, sua sponte, ordered this case consolidated with United States v. Mc-Clough for reargument en banc of the sole issue of the constitutionality of D.C. Code 1967, § 33–416a (b) (1) (B) (PAD).

Jones v. United States, 362 U.S. 257, 267, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *see* United States v. Gregg, 403 F.2d 222 (6th Cir. 1968), aff'd, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 reh. denied, 395 U.S. 917, 89 S.Ct. 1738, 23 L.Ed.2d 232 (1969); Fed.R.Crim.P. 41(e). Nor do we think that he can attain standing "automatically" under the theory in *Jones*, "that when * * * possession of the seized evidence is itself an essential element of the offense with which the defendant is charged, the Government is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence," [2] because *possession* of narcotics paraphernalia is not an element of the offense with which appellant was charged here.[3] However, he argues by analogy that he had standing under *Jones* because the prosecution cannot, on the one hand, charge him with presence in an illegal establishment and, at the same time, deny his presence was sufficient to challenge the officer's entry into such establishment. The answer to this is that, as we previously stated, his presence as a trespasser did not entitle him to a constitutional right to privacy in the basement.[4]

 Appellant's final argument on this issue of standing—that, considering

the purpose of 18 U.S.C. § 3109,[5] any occupant on the premises can object to a law officer's method of entry—must fail also. The word "break" in § 3109 means to enter without permission, Keiningham v. United States, 109 U.S.App.D.C. 272, 287 F.2d 126 (1960), and the purpose of the announcement is to respect the individual's right of privacy in his dwelling and to protect the officers who might otherwise be mistaken for someone with no right to be there. Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968). Considering the facts that appellant was a trespasser in the basement and that the landlord had sought to seal the basement from trespassers and, failing that, to have the police oust them, we hardly think that § 3109 can be invoked by appellant.

We find no merit in the other contentions of appellant, therefore, this conviction is affirmed.

Conviction under D.C.Code 1967, § 33–416a(b) (1) (B), reversed.

Conviction under D.C.Code 1967, § 22–1515(a), affirmed.

---

2. Simmons v. United States, 390 U.S. 377, 390, 88 S.Ct. 967, 974, 19 L.Ed.2d 1237 (1968).

3. The record negates any claim by appellant that the narcotics paraphernalia were seized from his person or custody nor does he claim ownership of such material.

4. Allowing appellant to assert the constitutional rights of the owner of the building would be especially inappropriate in this case when every indication is that the owner would wholeheartedly endorse any police action to remove trespassers from his premises.

5. This statute provides that:
 The officer may break open an outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant. A search made without a warrant also must comply with this provision. Gatlin v. United States, 117 U.S.App.D.C. 123, 326 F.2d 666 (1963).