Argued May 18, affirmed June 17, petition for rehearing denied
July 13, petition for review denied November 3, 1971

JOSEPH MARSHALL BUCHEA, *Appellant, v.*
SULLIVAN, *Respondent.*

485 P2d 1244

*Ken C. Hadley,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*James L. Carney,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and Jacob
B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

The issue in this case is whether or not the Fifth or Sixth Amendment to the United States Constitution or Art I, § 10 or Art I, § 11 of the Oregon Constitution gives a defendant in a criminal case the right to see, prior to sentencing, a presentence investigation report.

The petitioner plead guilty to attempted burglary in a dwelling. The trial judge ordered and received a presentence investigation report made pursuant to ORS 137.530. [1] After the judge received the report the petitioner requested, through his attorney, to see the report. The request was denied and thereafter the trial judge sentenced the petitioner to the statutory maximum authorized for the crime to which he had plead guilty. Nothing in the record indicates whether or not the sentencing judge was influenced by the report. The case comes to us on appeal from an order of the circuit court sustaining the state's demurrer and dismissing petitioner's petition for post-conviction relief.

---

[1] ORS 137.530 provides:

"Probation officers, when directed by the court, shall fully investigate and report to the court in writing on the circumstances of the offense, criminal record, social history and present condition and environment of any defendant; and unless the court directs otherwise in individual cases, no defendant shall be placed on probation until the report of such investigation has been presented to and considered by the court. Whenever desirable, and facilities exist therefor, such investigation shall include physical and mental examinations of such defendants."

ORS 137.090 provides:

"The circumstances which are alleged to justify aggravation or mitigation of the punishment shall be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, his deposition may be taken out of court at such time and place, and upon such notice to the adverse party, and before such person authorized to take depositions, as the court directs. The court may consider the report of presentence investigation conducted by probation officers pursuant to ORS 137.530. *A copy of such report may be made available to counsel for the defendant and the state a reasonable time before pronouncement of sentence."* (Emphasis supplied.)

The Minutes of the House and Senate Judiciary Committees of the 1965 Legislative Assembly disclose that the intent of the phrase, "may be made available to counsel," was to allow trial judges to do as they saw fit in this regard, and specifically not to require them to turn over presentence reports to criminal defendants or their counsel prior to sentencing.

This issue has been considered and discussed in numerous state and federal judicial opinions and legal treatises.[2] We have found no state or federal decision which has held that a defendant in a criminal case has a constitutional right to see a presentence investigation report. The federal system has a rule similar to the Oregon statute, ORS 137.090. The federal rule has been the subject of considerable controversy. See the comments of Mr. Justice Douglas in

[2] See Lehrich, The Use and Disclosure of Presentence Reports in the United States, 47 FRD 225, 237 (1969); Bach, The Defendant's Right of Access to Presentence Reports, 4 Crim L Bull 160 (1968); State v. Kunz, 55 NJ 128, 259 A2d 895 (1969).

the Report of the Judicial Conference of the United States, 39 FRD 69, 278 (1966).

As late as 1969, the United States Supreme Court in *Gregg v. United States*, 394 US 489, 89 S Ct 1134, 22 L Ed 2d 442, 446, said, in an unanimous opinion, "* * * Presentence reports are documents which the rule does not make available to the defendant as a matter of right * * *."

No useful purpose would be served by attempting to here restate the arguments pro and con that have been so often and so exhaustively made. Suffice it to say that if we were to hold with the petitioner in this case we would be holding ORS 137.090[9] unconstitutional in so far as it provides that disclosure or nondisclosure shall be at the will of the trial judge. The unanimous opinions of the numerous courts that have considered this matter, while not binding upon us with regard to the Oregon Constitution, are at the least very persuasive. In view of this body of authority and in view of the oft-repeated declaration of the Oregon Supreme Court that:

"* * * [W]e will 'declare no act of the legislature void unless invalidity be shown beyond a reasonable doubt.' *State v. Anthony*, 179 Or 282, 301, 169 P2d 587, cert den 330 US 826, 67 S Ct 865, 91 L Ed 1276 (1946); *State v. Collis*, 243 Or 222, 231, 413 P2d 53 (1966) * * *." *State v. Gann*, 254 Or 549, 564, 463 P2d 570 (1969),

we hold that ORS 137.090 is not unconstitutional. It follows that petitioner had no constitutional right to see the report of presentence investigation.

Affirmed.

---

[9] This statute may well warrant the attention of the Oregon Criminal Law Revision Commission during the next biennium.