Argued September 22, affirmed October 19, 1971

STATE OF OREGON, *Respondent, v.* JAMES
OLIVER PHILLIPS (C-59354), *Appellant.*

489 P2d 987

*Frank M. Ierulli,* Portland, argued the cause and
filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and
FORT, Judges.

PER CURIAM.

Defendant appeals from a conviction of negligent homicide (ORS 163.091)[1] by the trial court sitting without a jury.

The first assignment of error challenges the sufficiency of the evidence. The passenger in the defendant's car testified that he and the defendant had been drinking beer prior to the accident. Another witness observed the defendant at the scene immediately after the accident and was of the opinion that defendant was under the influence of intoxicating liquor. There was yet another witness who saw the defendant at the hospital after the accident and testified that she smelled liquor on defendant's breath and that his eyes were glassy. Several witnesses observed defendant's car travelling at an excessive rate of speed[2] just before the collision.

■ There is ample evidence to support the trial court's finding that defendant was driving at an excessive rate of speed while under the influence of intoxicating liquor, *State v. West,* 1 Or App 41, 458 P2d 706 (1969), and that defendant's gross negligence was the proximate cause of the accident.

■ The second assignment of error concerns the trial court's refusal to let defense counsel examine the presentence report before sentencing. This issue was

---

[1] ORS 163.091 provides:

"When the death of any person ensues within one year as the proximate result of injuries caused by:

"(1) The driving of any motor vehicle or combination of motor vehicles in a grossly negligent manner * * *

"* * * * *."

[2] One estimate was 70 to 75 miles per hour in a 35-mile zone.

raised and decided adversely to the defendant in *Buchea v. Sullivan,* 6 Or App 77, 485 P2d 1244 (1971), *remanded for resentencing* 94 Adv Sh 1693, — Or —, 497 P2d 1169 (1972).

Affirmed.