**UNITED STATES of America,**
**Appellee,**

**v.**

**Henry SKRYPECK and Joan K.**
**Cavanagh, Appellants.**

**No. 74–1888.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 30, 1974.

Decided Oct. 23, 1974.

As Amended Oct. 29, 1974.

---

Henry Skrypeck, pro se; Joan K. Cavanagh, pro se; James Drew, Atty. Advisor (appointed by the United States District Court), for appellants.

David T. Stitt, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM.

Appellants are charged with second degree burglary,[1] destruction of the property of a foreign government,[2] and harassment of an official of a foreign government.[3] After preparation of a report by the District of Columbia Bail Agency, the Federal Magistrate released the appellants on their personal recognizance.

■ At their arraignment, appellants were informed by the court that they had to report to the Probation Office and submit to an interview that would initiate the presentence report investigation. This condition for continued release pending trial was imposed under

U.S.D.C.D.C. local rule 2–7(c)(2) which provides:

At arraignment a mandatory condition of continued bail shall be that the alleged offender immediately provide the Probation Office with formal data, not related to the offense, concerning schooling, family status, military record, medical history, employment, and the like, so that routine inquiries may be initiated while the case is pending, looking toward a more prompt preparation of a presentence report when required. Information developed by this procedure shall be destroyed in the event of acquittal or dismissal and it shall be disseminated only as the judge to whom the case is assigned shall by order direct.[4]

Upon appellants' refusal to comply with the order, the District Judge issued bench warrants for appellants' arrests. Appellants appealed from the Court's order and this Court stayed the imposition of the condition during the pendency of the appeal. After oral arguments, the record in the case was remanded to the District Court to conduct an evidentiary hearing to ascertain the nature and extent of the presentence inquiry.

The requirement of submission to the Probation Office interview is imposed after the court has made its bail determination. There is no pretence that the interview is to serve any purpose other than the preparation of the presentence report.[5]

■ When conditions are imposed on the release of a person accused of a crime, the court must comply with the provisions of the Bail Reform Act of 1966.[6] That act provides that any person who is charged with an offense must be released pending trial without condi-

---

1. 22 D.C.Code § 1801(b) (1973).

2. 18 U.S.C. §§ 970, 1116(c) (1970 Supp. II).

3. 18 U.S.C. §§ 112(b), 1116(b) (1970 Supp. II).

4. The local rule was approved by the Judicial Council. While some weight is accorded the approval, the Court is not bound by it. *See* In re Imperial "400" National, Inc., 481 F. 2d 41, 42 (3d Cir), cert. denied, Judicial

Council of the Third Circuit v. Nolan, 414 U.S. 880, 94 S.Ct. 68, 38 L.Ed.2d 125 (1973). Moreover, the issue presented in this case was not identified at the time of Council consideration of this rule.

5. U.S.D.C.D.C. local rule 2–7(c)(2) specifically provides that the purpose of the interview is to initiate the presentence investigation.

6. 18 U.S.C. § 3146 et seq. (1970).

tion other than the execution of an unsecured personal appearance bond, " . . . unless the officer determines . . . that such a release will not reasonably assure the appearance of the person as required."[7]

Under the procedure mandated by the local rule, the determination of the defendant's inclination to appear at trial is complete and bail is set before he is ordered to report to the Probation Office. The condition acts as a device to cut short a release that has already been ordered. As such it is a coercive measure that insures the cooperation of the accused in the presentence investigation by threatening a penalty that the Bail Reform Act forbids.

While the presentence report serves an important function in our system of criminal justice, it must not be forgotten that the preparation of the report entails a significant intrusion by the government into the private life of its citizens. The investigation puts the employer, the school, and the neighbor on notice that a person they have readily accepted in the past may now be guilty of a crime.[8] If the investigation is conducted before the adjudication of guilt, the acquitted defendant is forced to explain away the inquiry and fight to regain his good name.[9]

On the other hand, the early preparation of the report may result in the reduction of delay between entry of a guilty plea or adjudication of guilt, and the imposition of sentence. A person hopeful of receiving probation may well desire expedition of the sentencing process.

Local rule 2–7(c)(2) robs the individual of the right to make a meaningful election between the two courses of action. Under the present practice the defendant can either submit to the intrusion or be relegated to a cell. The impact of such a one sided choice is clear. The defendant is the person who either gains or loses from the pre-trial investigation. It is only proper that the choice be left with him.

Federal Rule of Criminal Procedure 32 requires a prompt imposition of sentence. The Probation Office personnel testified that local rule 2–7.(c)(2) serves to shorten the time required after adjudication of guilt for the preparation of the presentence report.[10] It is apparently the practice in the District of Columbia that there are supplementary interviews after conviction and that the presentence reports are filed within thirty days of conviction. This consideration may have merit, but it cannot justify expeditions gained through conditions on release that conflict with the Bail Reform Act.[11] We also note that the probation authorities prepare presentence reports on defendants in confinement without the benefit of pre-conviction interviews.[12]

---

7. 18 U.S.C. § 3146(a) (1970).

8. After arraignment the Probation Office conducts an interview with the defendant without counsel being present. The Probation Officer then fills out either "Probation form 1 (long form) (February 1966)" or "Probation form 1a (short form) (March 1966)." A copy of each of these forms is contained in Appendix I.

The Officer follows up the interview by sending "Probation form 14 E (March 1964)" to the defendant's school. A copy of this form is contained in Appendix II. We note that the form advises the recipient that the Probation Office is investigating the defendant.

"Probation form 14 D (March 64)" is sent to the defendant's employer. A copy of this form is contained in Appendix III. This form also advises the recipient that the defendant is under investigation.

9. *See*, American Bar Association Project On Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures 209 (Approved Draft, 1968).

10. Testimony of Edward Docekal, Presentence Unit Supervisor, United States Probation Office. Transcript at 18.

11. The Government relies on language in Gregg v. United States, 394 U.S. 489, 89 S. Ct. 1134, 22 L.Ed.2d 442 (1969), as supporting the Probation Office in its pre-trial preparation reports. However, *Gregg* doesn't suggest that pre-conviction preparation of presentence reports may be conducted in a manner that violates the Bail Reform Act, nor does it approve the intrusions on privacy permitted by U.S.D.C. D.C. local rule 2–7(c)(2).

12. Testimony of Edward Docekal. Transcript at 22.

It is difficult to devise a system that will permit the defendant to arrive at an intelligent and uncoerced choice. Written questions handed to the defendant at arraignment and returned after consultation with an attorney might give the accused an opportunity to decide the degree to which he wishes to assist the Probation Office, if at all. It is for the courts and the Probation Office to decide the exact procedures to be followed consistent with the Bail Reform Act and the accused's right of privacy.

 Because local rule 2–7(c)(2) is inconsistent with the Bail Reform Act of 1966, it must be set aside. The order of the Court imposing compliance with the rule by the appellants as a condition for continued release is reversed. This case is remanded to the District Court.

So ordered.

## APPENDIX I

| PROBATION FORM 1 (LONG FORM) FEBRUARY 1966 **WORKSHEET** | UNITED STATES DISTRICT COURT FEDERAL PROBATION SYSTEM | DISTRICT | DIVISION | DOCKET NUMBER |
|---|---|---|---|---|

| COURT NAME (last · first · middle) | DATE INTERVIEWED | REPORT DUE | RECORDED BY |
|---|---|---|---|

| TRUE NAME (last · first · middle) | SENTENCING DATE | SENTENCING JUDGE |
|---|---|---|

| ALSO KNOWN AS: | DATE OF CONVICTION OR PLEA | CONSENT FORM SIGNED ☐YES ☐NO |
|---|---|---|

| PRESENT ADDRESS (number, street, city, state, zip code) | GIVE SPECIFIC DIRECTIONS | LENGTH OF TIME AT THIS RESIDENCE / TELEPHONE NO |
|---|---|---|

LEGAL ADDRESS (if different)

**IDENTIFYING DATA**

| AGE | DATE OF BIRTH | PLACE OF BIRTH (city & state or foreign country) | SEX | RACE | CITIZENSHIP | EDUCATION |
|---|---|---|---|---|---|---|

| MARITAL STATUS | NO. OF DEPENDENTS | SOCIAL SECURITY NUMBER | FBI NUMBER | OTHER IDENTIFYING NUMBERS |
|---|---|---|---|---|

**OFFENSE**

| OFFENSE | PENALTY |
|---|---|

| PLEA | VERDICT | WHERE COMMITTED | WHEN COMMITTED |
|---|---|---|---|

| WHERE ARRESTED | WHEN ARRESTED | ARRESTING AGENCY |
|---|---|---|

| NAME OF AGENT RESPONSIBLE FOR CASE | DATE OF COMMISSIONER'S HEARING | AMOUNT OF BOND | CUSTODY |
|---|---|---|---|

| IF DETAINED WHERE | DAYS IN CUSTODY | NAME OF U.S. ATTORNEY |
|---|---|---|

| NAME OF DEFENDANT'S ATTORNEY | ADDRESS OF DEFENDANT'S ATTORNEY | TELEPHONE NO. |
|---|---|---|

NAMES OF CODEFENDANTS (present status)

**ADDITIONAL ESSENTIAL DATA**

BRIEF SUMMARY OF INDICTMENT OR INFORMATION
EXTENT OF PROPERTY OR MONETARY LOSS
EXTENT OF DEFENDANT'S PROFIT FROM CRIME
EXTENT OF THREAT OR PHYSICAL VIOLENCE

AGGRAVATING AND EXTENUATING CIRCUMSTANCES
NATURE AND STATUS OF OTHER PENDING CHARGES
REASONS FOR INABILITY TO DIVERT (juvenile cases)
EXTENT OF CODEFENDANT'S PARTICIPATION IN OFFENSE

462

**DEFENDANT'S VERSION**

SUMMARY OF OFFENSE AND ARREST AS GIVEN BY DEFENDANT
IF DIFFERENT FROM OFFICIAL VERSION
DISCREPANCIES WITH OFFICIAL VERSION, IF ANY
WAS OFFENSE IMPULSIVE OR PREMEDITATED
EXTENT TO WHICH GUILT IS ADMITTED

ATTITUDE TOWARD OFFENSE
DEFENDANT'S EXPLANATION WHY HE BECAME INVOLVED
IN OFFENSE
CONTRIBUTING FACTORS

**PRIOR RECORD** - List below all other arrests whether convicted or not *(include juvenile court and military)*

| DATE | COURT | LOCAL ARREST NUMBER | OFFENSE | DISPOSITION |
|------|-------|---------------------|---------|-------------|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

ADDITIONAL ESSENTIAL DATA

INSTITUTIONAL HISTORY *(dates, report of adjustment, present release status)*

PREVIOUS PROBATION AND PAROLE HISTORY
DETAINERS OUTSTANDING

**FAMILY HISTORY**

DEFENDANT

IF ALIEN, PORT OF ENTRY - ALIEN REGISTRATION NUMBER
IF NATURALIZED, WHERE - NUMBER AND DATE OF CERTIFICATE
DEVELOPMENTAL INFLUENCES THAT MAY HAVE BEARING ON
 DEFENDANT'S PERSONALITY AND BEHAVIOR
ATTITUDE OF PARENTS TOWARD DEFENDANT IN FORMATIVE
 YEARS

BY WHOM WAS DEFENDANT REARED
AGE LEFT HOME; REASONS FOR LEAVING: TRUANCY FROM HOME
RELATIONSHIPS WITH PARENTS AND SIBLINGS, INCLUDING
 ATTITUDES
EXTENT OF FAMILY SOLIDARITY
RELATIVES AND FRIENDS WITH WHOM DEFENDANT IS ESPECIALLY
 CLOSE

**NAMES OF IMMEDIATE FAMILY** *(list spouse and children under MARITAL HISTORY)*

| NAME<br>( Place a check mark ✓ beside name if<br>person has ever been arrested) | RELATION-<br>SHIP | BIRTHDATE<br>OR AGE | PRESENT ADDRESS | OCCUPATION<br>OR SCHOOL<br>STATUS |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Page 3

464

| MARITAL HISTORY - Present and previous marriages, including common-law | | | | |
|---|---|---|---|---|
| NAME OF SPOUSE | AGE | PLACE AND DATE OF MARRIAGE | NUMBER OF CHILDREN | OUTCOME OF MARRIAGE |
| | | | | |
| | | | | |
| | | | | |

**ADDITIONAL ESSENTIAL DATA**

ATTITUDE OF SPOUSE TOWARD DEFENDANT; TOWARD EACH OTHER HOME ATMOSPHERE

| NAMES OF CHILDREN (include those from previous marriages) | BIRTHDATE OR AGE | ADDRESS, SCHOOL, CUSTODY, SUPPORT |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**ADDITIONAL ESSENTIAL DATA**

ATTITUDE OF DEFENDANT TOWARD CHILDREN ATTITUDE OF CHILDREN TOWARD DEFENDANT

**HOME AND NEIGHBORHOOD**

| TYPE OF NEIGHBORHOOD | TYPE OF DWELLING | CHECK ONE | MONTHLY PAYMENT | NO. OF ROOMS OCCUPIED | NO. OF PERSONS LIV- ING WITH DEFENDANT |
|---|---|---|---|---|---|
| | | ☐ RENTING ☐ OWNED | | | |

**ADDITIONAL ESSENTIAL DATA**

DESCRIPTION OF HOME, ADEQUACY, AND LIVING CONDITIONS DESIRABLE OR UNDESIRABLE INFLUENCES IN THE COMMUNITY ATTITUDE OF DEFENDANT AND FAMILY TOWARD HOME AND NEIGHBORHOOD

| LIST PREVIOUS ADDRESSES (start with most recent address) | CITY OR COUNTY | STATE | DATES FROM | DATES TO |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**EDUCATION**

| HIGHEST GRADE COMPLETED | AGE LEFT SCHOOL | REASONS FOR LEAVING |
|---|---|---|
| | | |

OTHER TRAINING RECEIVED (business or trades)

| NAME OF SCHOOL (list schools attended - start with last school) | LOCATION | DATES ATTENDED FROM | DATES ATTENDED TO |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

RESULTS OF PSYCHOLOGICAL TESTS (IQ, aptitude, achievement), SPECIFY TEST AND DATE, ALSO GIVE CITIZENSHIP AND ACADEMIC RATINGS

**RELIGION**

| RELIGIOUS PREFERENCE | ATTENDANCE ☐ FREQUENTLY ☐ OCCASIONALLY ☐ NEVER |
|---|---|
| NAME AND ADDRESS OF CHURCH | NAME AND ADDRESS OF PASTOR |

ADDITIONAL COMMENTS

*Page 5*

**INTERESTS AND LEISURE-TIME ACTIVITIES**

SPORTS, HOBBIES, CREATIVE WORK, ORGANIZATIONS, READING, ETC

TALENTS AND ACCOMPLISHMENTS

**HEALTH**

ESSENTIAL PHYSICAL DATA *(including reports from military record)*

HEIGHT, WEIGHT, COMPLEXION, COLOR OF EYES, COLOR OF HAIR, SCARS, TATTOOS, ETC.
UNUSUAL CHARACTERISTICS SUCH AS POSTURE, PHYSICAL PRO-PORTIONS, TONE OF VOICE, MANNER OF SPEECH
GENERAL PHYSICAL CONDITION AND HEALTH BASED ON DEFEND-ANT'S ESTIMATE OF HEALTH, MEDICAL REPORTS, PROBATION OFFICER'S OBSERVATIONS

USE OF NARCOTICS, BARBITURATES, MARIHUANA, ALCOHOL
SOCIAL IMPLICATIONS OF DEFENDANT'S PHYSICAL HEALTH AS THEY RELATE TO HOME, COMMUNITY, EMPLOYMENT, ASSOCIATIONS

ESSENTIAL MENTAL AND EMOTIONAL DATA *(including reports from military record)*

DEFENDANT'S OPERATING LEVEL OF INTELLIGENCE AS DEMON-STRATED IN SOCIAL AND OCCUPATIONAL FUNCTIONS
PERSONALITY CHARACTERISTICS AS GIVEN BY FAMILY MEMBERS AND AS OBSERVED BY PROBATION OFFICER
ATTITUDE OF DEFENDANT ABOUT HIMSELF AND HOW HE FEELS ABOUT HIS PARENTS, SIBLINGS, SPOUSE, CHILDREN, AND AS-SOCIATES AND HOW THEY FEEL ABOUT HIM

SOCIAL ADJUSTMENTS IN GENERAL
SOCIAL IMPLICATIONS OF MENTAL AND EMOTIONAL HEALTH AS THEY RELATE TO HOME, COMMUNITY, EMPLOYMENT, ASSOCIATIONS

**EMPLOYMENT – List jobs held during past 10 years** *(continued on following page)*

| DATES | NAME AND ADDRESS OF EMPLOYER | NATURE OF WORK, WEEKLY WAGE, REASON FOR LEAVING, EMPLOYER'S EVALUATION |
|---|---|---|
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |

**EMPLOYMENT** *(continued from page 6)*

| DATES | NAME AND ADDRESS OF EMPLOYER | NATURE OF WORK, WEEKLY WAGE, REASON FOR LEAVING, EMPLOYER'S EVALUATION |
|---|---|---|
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |

**OCCUPATIONAL SKILLS, INTERESTS, AND AMBITIONS**

**MILITARY SERVICE**

| SERVICE NUMBER | BRANCH OF SERVICE | DATE OF ENTRY | DATE DIS-CHARGED | TYPE OF DISCHARGE |
|---|---|---|---|---|
| HIGHEST RANK HELD | RANK AT SEPARATION | DECORATIONS AND AWARDS | | VA CLAIM NUMBER C- |

CAMPAIGNS, PREVIOUS ENLISTMENTS, OVERSEAS DUTIES, COURTS MARTIAL, ATTITUDE TOWARD MILITARY EXPERIENCE

| IF MILITARY OBLIGATION HAS NOT BEEN COMPLETED, GIVE | SELECTIVE SERVICE BOARD AND ADDRESS OR RESERVE STATUS | ORDER NUMBER |
|---|---|---|
| | | CLASSIFICATION |

**FINANCIAL CONDITION**

| LIST FINANCIAL ASSETS *(real estate, insurance, real and personal property, stocks, bonds, checking and savings accounts, income from pensions and compensation, rentals, boarders, and family income.* | LIST FINANCIAL OBLIGATIONS, INCLUDING BALANCE DUE AND MONTHLY PAYMENTS *(home mortgage, rent, utilities, medical, personal property, home repairs, charge accounts, loans, fines, restitution)* |
|---|---|
| | |

**FINANCIAL CONDITION** (continued from page 7)

GENERAL STANDARD OF LIVING

**EVALUATIVE SUMMARY**

ANALYSIS OF HIGHLIGHTS OF BODY OF THE REPORT
FACTORS CONTRIBUTING TO PRESENT OFFENSE AND PRIOR
 CONVICTIONS

DEFENDANT'S ATTITUDE TOWARD OFFENSE
EVALUATION OF DEFENDANT'S PERSONALITY, PROBLEMS AND
 NEEDS, POTENTIAL FOR GROWTH, AND FUTURE PLANS

**RECOMMENDATION**

INCLUDE BASIS FOR RECOMMENDATION

**REFERENCES - Optional** (either business or social may be used)

| NAME | OCCUPATION | ADDRESS |
|------|------------|---------|
| | | |
| | | |

FPI MI—5-19-72-200M-7823

| PROBATION FORM 1a (SHORT FORM) MARCH 1966 | UNITED STATES DISTRICT COURT FEDERAL PROBATION SYSTEM | DISTRICT | DIVISION | DOCKET NUMBER |
|---|---|---|---|---|
| | WORKSHEET | | | |

| COURT NAME *(last - first - middle)* | DATE INTERVIEWED | REPORT DUE | RECORDED BY |
|---|---|---|---|

| TRUE NAME *(last - first - middle)* | SENTENCING DATE | SENTENCING JUDGE |
|---|---|---|

| ALSO KNOWN AS: | DATE OF CONVICTION OR PLEA | CONSENT FORM SIGNED? ☐ YES ☐ NO |
|---|---|---|

| PRESENT ADDRESS *(number, street, city, state, zip code)* | GIVE SPECIFIC DIRECTIONS | LENGTH OF TIME AT THIS RESIDENCE |
|---|---|---|
| | | TELEPHONE NO. |

LEGAL ADDRESS *(if different)*

**IDENTIFYING DATA**

| AGE | DATE OF BIRTH | PLACE OF BIRTH *(city & state or foreign country)* | SEX | RACE | CITIZENSHIP | EDUCATION |
|---|---|---|---|---|---|---|

| MARITAL STATUS | NO. OF DEPENDENTS | SOCIAL SECURITY NUMBER | FBI NUMBER | OTHER IDENTIFYING NUMBERS |
|---|---|---|---|---|

**OFFENSE**

| OFFENSE | PENALTY |
|---|---|

| PLEA . | VERDICT | WHERE COMMITTED | WHEN COMMITTED |
|---|---|---|---|

| WHERE ARRESTED | WHEN ARRESTED | ARRESTING AGENCY |
|---|---|---|

| NAME OF AGENT RESPONSIBLE FOR CASE | DATE OF COMMISSIONER'S HEARING | AMOUNT OF BOND | CUSTODY |
|---|---|---|---|

| IF DETAINED, WHERE | DAYS IN CUSTODY | NAME OF U.S. ATTORNEY |
|---|---|---|

| NAME OF DEFENDANT'S ATTORNEY | ADDRESS OF DEFENDANT'S ATTORNEY | TELEPHONE NO. |
|---|---|---|

NAMES OF CODEFENDANTS *(present status)*

DEFENDANT'S VERSION

**PRIOR RECORD** - List below all other arrests whether convicted or not *(include juvenile court and military)*

| DATE | COURT | LOCAL ARREST NUMBER | OFFENSE | DISPOSITION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**470** 

**FAMILY HISTORY**

**NAMES OF IMMEDIATE FAMILY** *(list spouse and children under MARITAL HISTORY)*

| NAME<br>*(Place a check mark ✓ beside name if person has ever been arrested)* | RELATION-SHIP | BIRTHDATE OR AGE | PRESENT ADDRESS | OCCUPATION OR SCHOOL STATUS |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**MARITAL HISTORY** - Present and previous marriages, including common-law

| NAME OF SPOUSE | AGE | PLACE AND DATE OF MARRIAGE | NUMBER OF CHILDREN | OUTCOME OF MARRIAGE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| NAMES OF CHILDREN<br>*(Include those from previous marriages)* | BIRTHDATE OR AGE | ADDRESS, SCHOOL, CUSTODY, SUPPORT |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**HOME AND NEIGHBORHOOD**

| TYPE OF NEIGHBORHOOD | TYPE OF DWELLING | CHECK ONE<br>☐ RENTING<br>☐ OWNED | MONTHLY PAYMENT | NO. OF ROOMS OCCUPIED | NO. OF PERSONS LIVING WITH DEFENDANT |
|---|---|---|---|---|---|

| LIST PREVIOUS ADDRESSES (start with most recent address) | CITY OR COUNTY | STATE | DATES | |
|---|---|---|---|---|
| | | | FROM | TO |
| | | | | |
| | | | | |
| | | | | |

**EDUCATION**

| HIGHEST GRADE COMPLETED | AGE LEFT SCHOOL | REASONS FOR LEAVING |
|---|---|---|
| | | |

OTHER TRAINING RECEIVED (business or trades)

| NAME OF SCHOOL (list schools attended - start with last school) | LOCATION | DATES ATTENDED | |
|---|---|---|---|
| | | FROM | TO |
| | | | |
| | | | |

RESULTS OF PSYCHOLOGICAL TESTS (IQ, aptitude, achievement), SPECIFY TEST AND DATE. ALSO GIVE CITIZENSHIP AND ACADEMIC RATINGS

**RELIGION**

| RELIGIOUS PREFERENCE | ATTENDANCE |
|---|---|
| | ☐ FREQUENTLY ☐ OCCASIONALLY ☐ NEVER |

| NAME AND ADDRESS OF CHURCH | NAME AND ADDRESS OF PASTOR |
|---|---|
| | |

**INTERESTS AND LEISURE-TIME ACTIVITIES** (sports, hobbies, creative work, organizations, reading, talents, and accomplishments)

**HEALTH CHARACTERISTICS**

PHYSICAL (explain poor health, previous illnesses, surgery, injuries, handicaps, addictions)

MENTAL AND EMOTIONAL (general social adjustment, personality traits, mental disorders, hospitals and treatment, self-evaluation)

**EMPLOYMENT** - List jobs held during past 10 years

| DATES | NAME AND ADDRESS OF EMPLOYER | NATURE OF WORK, WEEKLY WAGE, REASON FOR LEAVING, EMPLOYER'S EVALUATION |
|---|---|---|
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |
| STARTED | | |
| ENDED | | |

OCCUPATIONAL SKILLS, INTERESTS, AND AMBITIONS. REASONS FOR EXTENDED PERIODS OF UNEMPLOYMENT

**MILITARY SERVICE**

| SERVICE NUMBER | BRANCH OF SERVICE | DATE OF ENTRY | DATE DISCHARGED | TYPE OF DISCHARGE |
|---|---|---|---|---|
| HIGHEST RANK HELD | RANK AT SEPARATION | DECORATIONS AND AWARDS | | VA CLAIM NUMBER C- |

CAMPAIGNS, PREVIOUS ENLISTMENTS, OVERSEAS DUTIES, COURTS MARTIAL, ATTITUDE TOWARD MILITARY EXPERIENCE

| IF MILITARY OBLIGATION HAS NOT BEEN COMPLETED, GIVE: | SELECTIVE SERVICE BOARD AND ADDRESS OR RESERVE STATUS | ORDER NUMBER | CLASSIFICATION |
|---|---|---|---|

**FINANCIAL CONDITION**

| LIST FINANCIAL ASSETS *(real estate, insurance, real and personal property, stocks, bonds, checking and savings accounts, income from pensions and compensation, rentals, boarders, and family income)*. | LIST FINANCIAL OBLIGATIONS, INCLUDING BALANCE DUE AND MONTHLY PAYMENTS *(home mortgage, rent utilities, medical, personal property, home repairs, charge accounts, loans, fines, restitution)*. |
|---|---|

**EVALUATIVE SUMMARY**

| ANALYSIS OF HIGHLIGHTS OF BODY OF THE REPORT FACTORS CONTRIBUTING TO PRESENT OFFENSE AND PRIOR CONVICTIONS | DEFENDANT'S ATTITUDE TOWARD OFFENSE EVALUATION OF DEFENDANT'S PERSONALITY, PROBLEMS AND NEEDS, POTENTIAL FOR GROWTH, AND FUTURE PLANS |
|---|---|

**RECOMMENDATION** *(include basis for recommendation)*

## APPENDIX II

UNITED STATES DISTRICT COURT
FEDERAL PROBATION SYSTEM

### REQUEST FOR EDUCATIONAL DATA

DATE _____

Dear Sir:

The person identified below is under investigation by this office. The information requested is needed to complete this investigation. Your cooperation will be appreciated.

Please return this form within three days in the enclosed envelope. No postage is necessary.

ADDRESS OF PROBATION OFFICE

_____
SIGNATURE OF PROBATION OFFICER

NAME OF PERSON BEING INVESTIGATED (Last - First - Middle)

ADDRESS OF PERSON BEING INVESTIGATED

| DATE OF BIRTH | PLACE OF BIRTH | | SEX | RACE |
|---|---|---|---|---|

FATHER'S NAME | MOTHER'S NAME

### INFORMATION DESIRED

| NAME OF SCHOOL | DATE ENTERED | GRADE ENTERED | DATE LEFT | GRADE COMPLETED | GRADE LEFT |
|---|---|---|---|---|---|

REASON LEFT SCHOOL

PLEASE LIST THIS PERSON'S GENERAL RATING AS A STUDENT (CHECK APPLICABLE RATINGS):

| ITEM | GOOD | AVERAGE | POOR | ITEM | GOOD | AVERAGE | POOR |
|---|---|---|---|---|---|---|---|
| SCHOLASTIC STANDING | | | | LEADERSHIP | | | |
| ATTENDANCE | | | | RELIABILITY | | | |
| BEHAVIOR | | | | COURTESY | | | |
| COOPERATIVENESS | | | | ABILITY TO GET ALONG WITH STUDENTS | | | |

DID THE STUDENT EVER TAKE ANY MENTAL OR INTELLIGENCE EXAMINATIONS?

☐ YES ☐ NO

IF "YES" PLEASE SPECIFY TYPE, DATE, AND RATING

ADDITIONAL COMMENTS INCLUDING HANDICAPS, OUTSTANDING ABILITIES, REPETITION OF GRADES, EXTRA CURRICULAR ACTIVITIES, ETC.

| SIGNATURE OF OFFICIAL | TITLE | DATE |
|---|---|---|

PPI NI—4-18-72-50M-7846 IF ADDITIONAL SPACE IS REQUIRED, USE REVERSE SIDE PROBATION FORM 14 E
(MARCH 1964)

## APPENDIX III

UNITED STATES DISTRICT COURT
FEDERAL PROBATION SYSTEM

**REQUEST FOR EMPLOYMENT DATA**

ADDRESS OF PROBATION OFFICE

DATE _____

Dear Sir:

The person identified below is under investigation by this office. The information requested is needed to complete this investigation. Your cooperation will be greatly appreciated.

Please return this form within three days in the enclosed envelope. No postage is necessary.

_____
SIGNATURE OF PROBATION OFFICER

NAME OF PERSON BEING INVESTIGATED (Last - First - Middle)

ADDRESS OF PERSON BEING INVESTIGATED

DATE OF BIRTH | PLACE OF BIRTH | SEX | RACE

ALSO KNOWN AS

SOCIAL SECURITY NUMBER

**INFORMATION DESIRED**

WAS THIS PERSON EVER IN YOUR EMPLOY? ☐ YES ☐ NO | IF "YES" GIVE DATE STARTED | DATE LEFT | SALARY OR WAGE

POSITIONS HELD

REASON FOR TERMINATING EMPLOYMENT

WAS THIS PERSON'S SALARY ATTACHED? ☐ YES ☐ NO

WOULD YOU CONSIDER REEMPLOYING THIS PERSON? ☐ YES ☐ NO

REMARKS (Concerning this person's attendance, ability, industry, reliability, and different times employed by your organization.)

SIGNATURE OF EMPLOYER | TITLE | DATE

FPI MI—2-14-72-120M-7346 | IF ADDITIONAL SPACE IS REQUIRED, USE REVERSE SIDE | PROBATION FORM 14 D (MARCH 64)