08-5500-cr
United States v. Elfgeeh

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
         RICHARD C. WESLEY,
                 Circuit Judges,
         PAUL A. CROTTY,
                 District Judge.*

---

UNITED STATES OF AMERICA,

                 Appellee,

         -v.-                                08-5500-cr

AREF ELFGEEH,

                 Defendant,

ABAD ELFGEEH,

---

* The Honorable, Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Defendant-Appellant.[**]

FOR APPELLANT:       JAMES M. BRANDEN, New York, NY.

FOR APPELLEE:        JEFFREY H. KNOX, Assistant United States
                     Attorney (David C. James, Pamela K. Chen,
                     on the brief), for Benton J. Campbell,
                     United States Attorney for the Eastern
                     District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Johnson, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York be AFFIRMED.

Appellant, Abad Elfgeeh, appeals from an amended judgment of the United States District Court for the Eastern District of New York (Johnson, J.), entered on November 10, 2008.  Defendant was convicted, after a jury trial, of conspiracy to operate an unlicensed money-transmitting business in violation of 18 U.S.C. § 371, operation of an unlicensed money-transmitting business in violation of 18 U.S.C. § 1960(a), and structuring of financial transactions

---

[**] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption of this order.

in violation of 31 U.S.C. § 5324(a)(3). In a prior appeal, this Court affirmed Elfgeeh's conviction and sentence in substantial part, but remanded for reconsideration of a previously imposed fine. United States v. Elfgeeh, 515 F.3d 100, 136-37, 140 (2d Cir. 2008). On remand, the district court rescinded the fine. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In his second appeal to this Court Elfgeeh contends that the district court erred in declining to re-sentence him de novo and in refusing to redact a paragraph of his pre-sentence report ("PSR"), which he claims causes him to be treated in an unduly harsh manner by the Bureau of Prisons ("BOP").[1] We conclude that this Court's limited

_____

[1] The paragraph at issue indicates that Elfgeeh has been named by the government as an alleged associate of Yemeni cleric Mohammed Ali Al-Moayad **[PSR ¶ 21]**, who was found guilty by a jury of conspiring to provide and attempting to provide material support to Al-Qaeda and Hamas, and of providing material support to Hamas. *United States v. Al-Moayad*, 545 F.3d 139, 158 (2d Cir. 2008). Al-Moayad's conviction was vacated by this Court and remanded for further proceedings. *Id.* at 178-79. **Following the remand, Al-Moayad pled guilty to one count of conspiracy to provide support to a foreign terrorist organization. He was sentenced to time served and was deported. See United States v. Al-Moayad, 03-CR-1322 (DLI) (E.D.N.Y. Aug. 7, 2009).**

remand[2] did not call for de novo re-sentencing.  We further hold that, based on the record before us, we cannot find that the defendant has been harmed by the contents of his PSR within the meaning of Federal Rule of Criminal Procedure 32(d)(3)(C).  If the defendant has a remedy to challenge restrictions imposed by the BOP, it lies with that entity.

This Court has already specifically rejected defendant's argument that his sentence was "substantively unreasonable or unwarrantedly high in comparison to the terms of imprisonment meted out to others convicted of similar crimes."  Elfgeeh, 515 F.3d at 139.  We noted that the sentence is within the appropriate Guidelines range and found "no basis for concluding that the prison terms imposed are unreasonable, given that the district court's articulation of the reasons for the prison term[] imposed, although not extensive[,] . . . was sufficient to show that the court considered the Guidelines and the required § 3553 factors."  Id.

---

[2] Specifically, "we vacate[d] so much of [Elfgeeh's] sentence as imposed a fine of $1.25 million, and we remand[ed] for reconsideration of the amount of the fine."  Elfgeeh, 515 F.3d at 137.

4

Because this Court identified only a "sentencing error" with respect to the fine imposed, and not a "conviction error," resentencing de novo was not appropriate. United States v. Rigas, 583 F.3d 108, 116 (2d Cir. 2009); see also United States v. Stanley, 54 F.3d 103, 108 (2d Cir. 1995). Nothing required the district court to go beyond the "narrow issue" identified by this Court on the first appeal. Stanley, 54 F.3d at 108. We gave a specific instruction to the district court to address the propriety of the fine imposed on Elfgeeh, which it clearly did. Therefore, we identify no error on the part of the sentencing court in this regard.

Federal Rule of Criminal Procedure 32(d)(3)(C) states that the "presentence report must exclude" "any information that, if disclosed, might result in physical or other harm to the defendant." Fed. R. Crim. P. 32(d)(3)(C). As an initial matter, we note that there are "no formal limitations" on the contents of a PSR. Gregg v. United States, 394 U.S. 489, 492 (1969). We cannot conclude, based on the record before us, that the defendant has been harmed

within the meaning of Rule 32.[3]  To the extent Elfgeeh challenges, as unnecessary or unwarranted, restrictions imposed by the BOP, these protocols should be addressed through the channels in place at the BOP.

We have considered all of Elfgeeh's contentions on this appeal and have found them to be without merit.  Therefore, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

---

[3] During the proceedings on remand, the district court agreed, on consent of the government, to amend the PSR to reflect the fact that Al-Moayad's conviction had been reversed and remanded for a new trial.  Further, the district court made it clear that it "did not consider Al-Moay[a]d" in sentencing Elfgeeh, or otherwise, because Al-Moay[a]d was "not part of this case."