NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50035 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00995-TJH-1 |
| v. | |
| WILLIAM ARTHUR STEHL, AKA William A. Stehl, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted April 4, 2017
Pasadena, California

Before: PLAGER,[**] BEA, and OWENS, Circuit Judges.

Defendant William Arthur Stehl appeals from his conviction entered

following a guilty plea and from a 144-month sentence for conspiracy to commit

mail fraud (18 U.S.C. §§ 1341, 1349), false statements to federal agents (18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

§ 1001), tax evasion (26 U.S.C. § 7201), and tax fraud (26 U.S.C. § 7206). As the parties are familiar with the facts, we do not recount them here. We affirm in part, vacate in part, and remand.

1. We reject Stehl's contention that the district court violated Federal Rule of Criminal Procedure 32(e)(1) by deferring acceptance of his guilty plea, made pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), until after the court reviewed the presentence report ("PSR"). *See* Fed. R. Crim. P. 32(e)(1) ("Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty."). Despite the district court's comments at the change-of-plea hearing, looking at the entire record, there is insufficient evidence that the court actually reviewed the PSR before accepting Stehl's guilty plea. *See Gregg v. United States*, 394 U.S. 489, 493 (1969) (affirming a defendant's conviction where "[t]he trial judge did not state that he read the presentence report before the jury verdict was delivered, nor is there any direct evidence in this record that he did").

Moreover, Stehl failed to object to the alleged Rule 32 violation in the district court. Even if the district court did review the PSR prematurely, Stehl has not shown that he was prejudiced. As such, there was no plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

2

2.   The parties agree that a remand for resentencing is appropriate based on the district court's statements that it chose Stehl's sentence, in part, to provide him "with needed medical care or other correctional treatment in the most effective manner." *See Tapia v. United States*, 564 U.S. 319, 321 (2011) (holding that federal courts are precluded "from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation"). We decline to grant the government's request for a limited remand, and remand for the district court to resentence Stehl on an open record.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.