**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Manuel Chavez LARIOS,
Defendant-Appellant.**

**No. 80–1039.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1981.

Decided Jan. 28, 1981.

940

Before WRIGHT, NELSON and NORRIS, Circuit Judges.

NELSON, Circuit Judge.

Appellant, Manuel Chavez Larios, appeals his conviction for unlawfully conspiring to distribute heroin in violation of 21 U.S.C. § 846.

Larios was found guilty by a jury in a trial presided over by The Honorable Thomas J. MacBride. He was initially sentenced by a different judge, The Honorable Jack E. Tanner, to the statute's maximum term of 15 years, ordered to pay the maximum fine of $25,000, and given a special 3-year parole term. Judge Tanner then ordered a study of the appellant made, pursuant to 18 U.S.C. § 4205(d). After the completion of the study, Judge Tanner affirmed the original sentence.

The appellant makes a number of claims which, with one exception, we find unpersuasive.

First, the appellant claims that the evidence was insufficient to support a verdict of guilty. The standard of review for the sufficiency of the evidence is an inquiry into whether, based on the evidence presented, the jurors could *reasonably* arrive at their conclusion. *United States v. Espinoza*, 578 F.2d 224, 228 (9th Cir.), *cert. denied*, 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151 (1978) (per curiam); *Sablan v. People of Territory of Guam*, 434 F.2d 837, 839 (9th Cir. 1970); *United States v. Nelson*, 419 F.2d 1237, 1243 (9th Cir. 1969). And, this inquiry must be done by considering the evidence in the light most favorable to the verdict. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Paduano*, 549 F.2d 145, 149 (9th Cir.), *cert. denied*, 434 U.S. 838, 98 S.Ct. 129, 54 L.Ed.2d 100 (1977); *United States v. Robinson*, 546 F.2d 309, 314 (9th Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 596 (1977).

While this is a close case, we find the evidence sufficient to uphold the jury's verdict. There was one witness, the Drug Enforcement Administration informant, Baldamar Trevino, whose testimony supported the verdict. The testimony of one witness, even that of an informant, is sufficient to uphold a conviction. *Paduano*, 549 F.2d at 150; *Proffit v. United States*, 316 F.2d 705, 707 (9th Cir. 1963); *see Audett v. United States*, 265 F.2d 837, 847 (9th Cir. 1959).

The appellant also claims that because a note written by Larios while in jail referred to guns found in an illegal search of his home, the note was the direct product of an illegal search and seizure and thus an excludable "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We find, however, that this note is not an excludable "fruit," but is independent evidence admissible at trial. *See id.* at 485, 487, 83 S.Ct. at 416, 417; *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319 (1920).

Clearly, the connection between the illegal search and the note is "so attenuated as to dissipate the taint" of the illegality. *Wong Sun,* 371 U.S. at 487, 83 S.Ct. at 417, quoting *Nardone v. United States,* 308 U.S. 338, 341, 60 S.Ct. 266, 267, 84 L.Ed. 307 (1939). The government did not use the illegally seized evidence to find the note, see *Wong Sun,* 371 U.S. at 485, 83 S.Ct. at 416; *Silverthorne Lumber Co.,* 251 U.S. at 392, 40 S.Ct. at 183. It was written weeks after the search occurred. The mere fact that the note mentioned evidence found illegally is not enough to warrant exclusion. To uphold the appellant's claim would require adopting a "but for" test and that has been rejected. *Wong Sun,* 371 U.S. at 488, 83 S.Ct. at 417; *see Nardone,* 308 U.S. at 341, 60 S.Ct. at 267.

█ The appellant claims further that this note should not have been allowed into evidence because its prejudicial effect outweighed its probative value. Under the Federal Rules of Evidence trial judges are given discretion to exclude relevant evidence if the court determines that its probative value is *substantially outweighed* by its potential for *unfair* prejudice. Fed.R. Evid. 403. The judge's determination of this balance is given great deference and this court will reverse it only when there is an abuse of discretion. *United States v. Cassasa,* 588 F.2d 282, 285 (9th Cir. 1978), *cert. denied,* 441 U.S. 909, 99 S.Ct. 2003, 60 L.Ed.2d 379 (1979); *United States v. Moore,* 522 F.2d 1068, 1079 (9th Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976); *United States v. Hobson,* 519 F.2d 765, 771 (9th Cir.), *cert. denied,* 423 U.S. 931, 96 S.Ct. 283, 46 L.Ed.2d 261 (1975).

█ There is no question that this note was highly probative evidence, indicating the appellant's knowledge and state of mind, and tending to discredit his defense that Amador and not he was the drug supplier. Therefore, we find that the trial judge did not abuse his discretion in deciding that whatever prejudicial effect this evidence might have had did not substantially outweigh its probative value. *See*

*United States v. Batts,* 573 F.2d 599, 603 (9th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978); *United States v. Sangrey,* 586 F.2d 1312, 1315 (9th Cir. 1978); *Hobson,* 519 F.2d at 771.

█ Appellant also argues that he was denied effective assistance of counsel in violation of his sixth amendment rights, claiming that his counsel should have made the motion to suppress the illegally found evidence earlier than he did. Attorneys, however, are allowed a great deal of discretion in the tactics they use when handling a trial. See *Ewing v. Williams,* 596 F.2d 391, 396 (9th Cir. 1979). Moreover, it is clear that the fact that counsel might have made mistakes in the trial is not determinative. Instead, the errors made must be those a reasonably competent attorney would not have made. *Cooper v. Fitzharris,* 586 F.2d 1325, 1330 (9th Cir. 1978), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979) (en banc); *United States v. Moore,* 599 F.2d 310, 314 (9th Cir. 1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980).

█ After a review of the record in this case, we find that the appellant was afforded "reasonably competent and effective representation," *Cooper,* 586 F.2d at 1328, and that he acted " 'within the range of competence demanded of attorneys in criminal cases.' " *Id.* at 1329 & 1330, quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Thus, Larios' sixth amendment rights have not been violated.

█ Another issue presented is whether it was reversible error for the sentencing judge to consider evidence found through an illegal search and seizure when deciding the appropriate sentence for the appellant. It is clear that the appropriate inquiry when determining whether the exclusionary rule should apply in a particular circumstance is to decide whether the rule's purpose of deterring unlawful police conduct would be sufficiently furthered by exclusion to outweigh any detrimental effects of excluding the evidence. *United States v. Ca-*

*landra*, 414 U.S. 338, 348–50, 94 S.Ct. 613, 621, 38 L.Ed.2d 561 (1974); *United States v. Vandemark*, 522 F.2d 1019, 1021 (9th Cir. 1975); *United States v. Winsett*, 518 F.2d 51, 54 (9th Cir. 1975).

We hold that under the circumstances of this case it would not. The police officers obtained a search warrant before the search, and there is no indication that the search was overextensive in scope or conducted inappropriately. Its illegality was caused by a technical error in the affidavit in support of the warrant. This police misconduct is not sufficient to justify interfering with individualized sentencing. *See Vandemark*, 522 F.2d at 1021–22. *Cf. Verdugo v. United States*, 402 F.2d 599, 611–13 (9th Cir. 1968), *cert. denied*, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1970) (evidence excluded from sentencing consideration when search was conducted without a warrant, was "blatantly illegal," and the court found that the police needed to be deterred from making illegal searches under the circumstances involved).

In addition, Judge Tanner did not abuse his discretion by considering this information. Judges are given very broad discretion to consider information from a wide variety of sources when sentencing because it is important for the sentencing judge to be able to fashion sentences properly in tune with individual defendants. *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969); *Williams v. New York*, 337 U.S. 241, 246–52, 69 S.Ct. 1079, 1082–85, 93 L.Ed. 1337 (1959).

Another error alleged by the appellant is that the informant's testimony that co-conspirator Salinas identified Larios to him as being "Pasqualito" and "the source of the supply of heroin," was inadmissible hearsay and should have been excluded from the trial. The appellant, however, did not object to this testimony when it was given during the trial. It has long been settled that, absent exceptional circumstances, *Hormel v. Helvering*, 312 U.S. 552, 556–60, 61 S.Ct. 719, 721–23, 85 L.Ed. 1037 (1941), this court will not consider issues raised for the first time on appeal. *United States v. Murray*, 492 F.2d 178, 193 (9th Cir. 1973), *cert. denied*, 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974); *United States v. Tanks*, 464 F.2d 547, 548 (9th Cir. 1972) (per curiam); *Yeater v. United States*, 397 F.2d 975, 976 (9th Cir. 1968) (per curiam). We find no exceptional circumstance in this case warranting our consideration of this issue at this level, and thus need not consider the merits of the appellant's claim.

The final issue presented on appeal is whether the sentencing judge, Judge Tanner, abused his discretion when passing sentence. The Federal Rules of Criminal Procedure allow a judge other than the trial judge to do the sentencing, as occurred here, but require the new judge to use his discretion to determine if he is competent to take over those duties. Fed.R.Crim.Proc. 25(b). This means that the sentencing judge must be familiar enough with the case to be able to assign the appropriate sentence within the statutory guidelines. *United States v. Ortiz*, 603 F.2d 76, 81 (9th Cir. 1979), *cert. denied*, 444 U.S. 1020, 100 S.Ct. 678, 62 L.Ed.2d 652 (1980); *Carbo v. United States*, 314 F.2d 718, 749–50 (9th Cir. 1963).

While appellate courts give great deference to the district judge's decision to proceed with sentencing, we find that under the circumstances presented here, Judge Tanner did abuse his discretion by not becoming adequately familiar with the case, and thus hold that Larios must be resentenced.

First, although the appellant requested that Judge Tanner wait for a transcript of the trial to be prepared so that he could better understand the evidence presented, Judge Tanner refused to wait. He continually stated that he was not the finder of facts as to the credibility of the witnesses and that he could not go behind the jury's guilty verdict, even though counsel stressed that he was not asking the court to do so, but only that it understand the nature and weakness of the case against Larios so the judge could sentence appropriately.

In addition, Judge Tanner said he had a seven-page report from the probation officer to depend on, and that on the basis of that report determined that Larios was the "ringleader of this whole operation." We have reviewed this report, however, and it simply does not support this conclusion. The report even specifically stated that the evidence as to Larios's possibly being the source of the drugs was inconclusive. Indeed, at one point in the first sentencing hearing, Judge Tanner himself said, "I don't know who Pasqualito (the ringleader) is," and yet later in the same hearing, without having received any further incriminating evidence, the judge concluded that Larios was the ringleader. Moreover, there was no evidence presented at the trial that Larios was the ringleader and the study for the second sentencing hearing also does not support this conclusion.

Judge Tanner further displayed his lack of familiarity with the case at this second hearing when he replied to a point made by appellant's counsel by stating that he had not heard evidence of that point during the trial. Counsel noted that Judge Tanner had not heard the trial. The judge queried, "I didn't hear the trial?" Counsel replied "No, you didn't sit at the trial, your Honor," and the court asked, "Who did?"

■ We find that under the circumstances, Judge Tanner abused his discretion by not becoming properly familiar with the case. While what is necessary varies with the facts of each case, the more the case depends on the credibility, and especially the demeanor, of the witnesses, the more a judge needs to do to become adequately familiar with it. *Carbo,* 314 F.2d at 749–50. In this trial, the government's case rested almost entirely on the testimony of one witness, the informant. For Judge Tanner to be able to assess the appellant's culpability adequately, and thus the sentence he should receive, the judge needed to have a better understanding of the testimony presented than he did.

Becoming adequately familiar does not always require the reading of a transcript, although a transcript will often be helpful, and sometimes essential. *See Carbo,* 314 F.2d at 749–50; *United States v. Bryant,* 430 F.2d 237, 241 (8th Cir. 1970). As stated by the Fourth Circuit Court of Appeals: "When there are questions of fact as to degree and extent of culpability in participating in the substantive crime, it would seem essential that the sentencing judge should await preparation of the transcript and review it before imposing sentence." *United States v. Bowser,* 497 F.2d 1017, 1019 n.2a (4th Cir.), *cert. denied,* 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974), citing as comparison, *Carbo.* What clearly is always required, however, is a thorough understanding of the case, which requires more familiarity with the facts than Judge Tanner had in this instance.

■ Because we hold that Judge Tanner abused his discretion in passing sentence, Larios must be resentenced. Although resentencing is usually done by the original sentencing judge, this court has recognized "unusual circumstances" wherein remand to a different judge is appropriate. Three criteria must be considered in making this determination: (1) whether the original judge could reasonably by expected to put out of his mind previously expressed views or findings that were subsequently found to be erroneous; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste or duplication of effort out of proportion to the gain realized in preserving the appearance of fairness. *United States v. Ferguson,* 624 F.2d 81, 83 (9th Cir. 1980); *United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir. 1979).

■ Under the circumstances of this case, we find that a different judge should do the resentencing. Judge Tanner was unreasonable in his initial refusal to wait for a transcript and adamant in his belief that Larios was the ringleader, even in the face of little, if any, evidence to that effect. We, therefore, believe that he could not reasonably be expected to ignore his conclusion when faced with the question again. Further, we conclude that this would best serve to preserve the appearance of justice

and outweighs any duplication of effort that would result.

The conviction of the appellant is affirmed. The sentence is vacated, and the case is remanded to the district court for resentencing by a new judge.