884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carmen L. BUTLER, a/k/a Carmen L. Cardoza, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Leethaniel VAUGHN, Defendant-Appellant.
 No. 87-5173(L).
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Aug. 22, 1989.
 
 Arthur McKinley Reynolds, Jr. (Warren A. Brown on brief) for appellant.
 Hollis Raphael Weisman, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Donna Helen Triptow, Assistant United States Attorney on brief) for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Eric L. Vaughn and Carmen L. Butler appeal their convictions for possession of cocaine with intent to distribute and aiding and abetting the possession of cocaine with intent to distribute. See 21 U.S.C. Sec. 841(a)(1) & 18 U.S.C. Sec. 2. Appellants contend that the district court erred by allowing the government to present evidence that an electronic pager, similar to one found in Carmen Butler's possession, was seized from Eric Vaughn's father in a previous drug-related arrest. Butler also asserts that the district court erred in refusing to suppress evidence seized after a stop of her automobile. Finding no merit in these contentions, we affirm the judgment of the district court.
 
 I.
 
 2
 At approximately 3:00 a.m., on October 25, 1986, Officer James Morrissette of the United States Park Police stopped an automobile for speeding on the Baltimore-Washington Parkway. The driver of the automobile, Eric L. Vaughn, told the officer that he could not produce a driver's license because he had given it to a cab driver as security for an unpaid fare. The officer subsequently determined, however, that Vaughn's Maryland driving privileges had been suspended and he therefore placed Vaughn under custodial arrest. See Md.Transp.Code Ann. Secs. 16-303 & 26-202(a)(3)(iv). Carmen L. Butler was a passenger in the automobile, which was registered in her name.
 
 
 3
 After asking Butler to step out of the automobile, Officer Morrissette began a search of the passenger compartment. He opened a purse which he found on the front seat and inspected its contents. He observed a "large folded wad of money," but he did not seize the purse or its contents at that time. He then searched the glove compartment of the automobile and recovered a brown paper bag. Inside the brown paper bag, Officer Morrissette found a heat-sealed plastic bag which contained a white powder later identified as cocaine. Butler was then placed under arrest and the cocaine and purse were seized. A subsequent search of Butler revealed an electronic paging device; the purse contained $774 in cash.
 
 
 4
 On November 21, 1986, a federal grand jury returned a one count indictment against Vaughn and Butler. Defendants' motion to suppress evidence seized during the search of Butler's automobile was denied on May 21, 1987. Defendants were convicted by a jury on September 2, 1987. Vaughn's sentence included four-years imprisonment and a $5,000 fine. Butler's sentence included thirty months imprisonment, twenty-four months of which were suspended, and a $1,000 fine.
 
 
 5
 During the course of the trial, the government produced evidence that the pager found in Butler's possession at the time of her arrest was one of two purchased from Metromedia Paging Services under the name of "Eric Robson." The address listed on the account when it was opened was similar to the address of an apartment shared by Butler and Vaughn; the telephone number listed on the account was identical to defendants' telephone number. The government also presented expert testimony that electronic pagers similar to the one seized from Butler are regularly used to facilitate drug transactions. Butler and another defense witness then testified that the pagers were used for legitimate business purposes in connection with a variety store owned by Eric Vaughn's family. In response to defendants' evidence, the district court permitted the government to present evidence in rebuttal that the second pager identified to the "Eric Robson" account had been seized in May of 1986 in connection with a cocaine-related arrest at the variety store. Eric Vaughn's father, Leethaniel Vaughn, had been arrested for possession of cocaine and the second pager had been found in his pocket.
 
 
 6
 Both defendants appeal.
 
 III.
 A.
 
 7
 Defendants assert that the district court erred by admitting evidence concerning the pager seized in the drug-related arrest of Eric Vaughn's father in May of 1986. They contend that its prejudicial effect greatly outweighed its probative value and that it should therefore have been excluded pursuant to Fed.R.Evid. 403. We disagree.
 
 
 8
 A district court may exclude relevant evidence if the court determines that its probative value is "substantially outweighed" by its potential for unfair prejudice. See Fed.R.Evid. 403. The district court's balance of the relevant factors and its ultimate decision whether to admit or exclude probative but prejudicial evidence is entitled to great deference and will be disturbed on appeal only where there is an abuse of discretion. See United States v. Larios, 640 F.2d 938, 941 (9th Cir.1981). Here, we find no abuse of discretion.
 
 
 9
 We agree with the district court that the seizure of the second pager from Eric Vaughn's father was highly probative. As the district court recognized, the government was required to prove that defendants knowingly possessed cocaine with the intent to distribute it. See United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984). The fact that the second pager identified to the "Eric Robson" account also was seized in connection with a drug-related arrest strengthened the inference that the pager seized from Butler was used to facilitate the distribution of illegal drugs; it also tended to discredit defendants' assertion that the pagers were used for legitimate business purposes by employees of the Vaughn family's variety store.
 
 
 10
 We also reject defendants' contention that the government offered the evidence concerning the second pager in an attempt to convict "the son for the sins of the father." The district court permitted the government to introduce the evidence only in rebuttal of defendants' assertion that the pagers were used for legitimate commercial purposes rather than for the distribution of illegal drugs. The district court and the government also attempted to minimize the prejudicial effect of the evidence by suggesting that the identity of the person arrested with the second pager be kept from the jury. Defendants' counsel, however, insisted that the pager be identified as seized from Leethaniel Vaughn. Moreover, all references to Leethaniel Vaughn as Eric Vaughn's father were made by Eric Vaughn's attorney. The government did not refer to the relationship between Eric and Leethaniel Vaughn, and the district court reiterated in its charge to the jury that neither Eric Vaughn nor Carmen Butler had been implicated in the drug-related arrest of Eric Vaughn's father.
 
 
 11
 In short, we hold that the trial court did not abuse its discretion by allowing the government to offer the challenged evidence in rebuttal.
 
 B.
 
 12
 We also reject Butler's contention that the district court erred by refusing to suppress evidence seized after Officer Morrissette stopped her automobile. It is beyond peradventure that once a police officer has made a lawful custodial arrest of the occupants of an automobile, he may, incident to that arrest, search their persons, Michigan v. DeFillippo, 443 U.S. 31, 35 (1979), the passenger compartment of the automobile, and the contents of any containers found within the passenger compartment of the automobile. New York v. Belton, 453 U.S. 454, 460 (1981). The lawful custodial arrest, standing alone, authorizes the search. United States v. Robinson, 414 U.S. 218, 235 (1973). See also United States v. Taylor, 857 F.2d 210, 214 (4th Cir.1988); United States v. McCrady, 774 F.2d 868, 871-72 (8th Cir.1985). The term "container" denotes "any object" found within the passenger compartment of the automobile which is "capable of holding another object." Belton, 453 U.S. at 460 n. 4. See also United States v. Cotton, 751 F.2d 1146, 1148-50 (10th Cir.1985). Once Vaughn was placed under lawful custodial arrest, see Md.Transp.Code Ann. Secs. 16-303 & 26-202(a)(3)(iv), Officer Morrissette was therefore permitted to search the glove compartment of the automobile and the purse found on the front seat.
 
 
 13
 Defendants argued at the suppression hearing that the search of Butler's purse was improper because "a woman's purse is part of her person." But for the alleged illegal search of the purse, defendants contended that Officer Morrissette would not have searched the glove compartment and that the cocaine seized was therefore excludable "fruit of the poisonous tree." See Wong Sun v. United States, 371 U.S. 471 (1963).
 
 
 14
 We again disagree. The initial search of the purse was incident to Vaughn's arrest and therefore permissible under Belton, 453 U.S. at 460. Belton articulated a "bright line" rule to guide police conduct, see United States v. White, 871 F.2d 41 (6th Cir.1989), and Officer Morrissette was not required to first ascertain whether the container in question belonged to the arrestee. Furthermore, Officer Morrissette had independent authority to search the glove compartment of the automobile. Even if the initial search of the purse was somehow improper due to some heightened privacy interest, Officer Morrissette clearly was authorized to search the passenger section of the automobile, including the glove compartment. See Belton, 453 U.S. at 460 & n. 4. He testified that he intended to search the passenger compartment of the automobile once he placed Vaughn under arrest. The discovery of the cocaine was therefore inevitable.
 
 
 15
 Finally, the discovery of the cocaine in the glove compartment of Butler's automobile gave Officer Morrissette probable cause to arrest her. As an incident to that arrest, Officer Morrissette was permitted to search Butler's person and personal belongings. Robinson, 414 U.S. at 235. Indeed, the purse and its contents were not actually seized until after Butler's arrest. In sum, contrary to Butler's contention, the cocaine discovered in the glove compartment, as well as the contents of the purse found in the passenger compartment of the automobile, were properly seized and admissible at trial.
 
 III.
 
 16
 Butler's other claims are similarly without merit. For the foregoing reasons, the judgment of the district court is
 
 
 17
 AFFIRMED.