988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Durran Wynn JACK, Defendant-Appellant.
 No. 92-50400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-90-0901-JGD; John G. Davies, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Durran Jack appeals from his conviction, following a jury trial, for robbery of a savings and loan in violation of 18 U.S.C. § 2113(a). Jack contends that the district court erred by denying his post-verdict motion for acquittal based on insufficiency of the evidence under Fed.R.Crim.P. 29(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Facts
 
 3
 At approximately 2:55 p.m. on November 5, 1990, a robber entered the Downey Savings and Loan in Norwalk, California. His entry caught the attention of the branch manager, Andrea Garcia, who activated a surveillance camera and then watched as the robber approached teller Elsie Gomez, leaned into Gomez' teller window, and then left the bank a few minutes later. At one point the robber directly faced Garcia.
 
 
 4
 Although the robber kept his head down during the time he was directly in front of Gomez, Gomez was able to observe his profile. She had also observed a tattoo on his neck before he approached her teller window. The robber placed a note demanding money in front of Gomez, and after she gave him some money he demanded more. Gomez gave the robber more money, whereupon he took the money and the demand note and left the building.
 
 
 5
 Cynthia Martinez was at the teller window adjacent to Gomez', approximately two feet away. She heard the robber mention a gun and demand money and saw Gomez give money to the robber. Martinez had an unobstructed view of the robber's profile for two or three minutes.
 
 
 6
 After the robbery, the witnesses were interviewed by FBI Agent Shroder and described the robber to him. Both Gomez and Martinez described an elongated tattoo on the back of the robber's neck. None of the witnesses mentioned tattoos on the sides of the robber's neck or on his hands.
 
 
 7
 Garcia and Martinez each selected Jack's photograph from photographic line-ups conducted 10 and 14 days after the robbery. Gomez was unable to identify anyone in the photographic line-up. At a live line-up conducted two and one-half months after the robbery, all three witnesses identified Jack as the robber.
 
 
 8
 The only controverted issue at trial was the identity of the robber. Garcia, Gomez, and Martinez each testified and identified Jack as the robber. A government expert also testified about two surveillance photographs which had been taken during the robbery, and admitted on cross-examination that he could not identify Jack from the pictures. Although the pictures do not show the robber's face, they do reflect visible tattoos on the robber's forearms. Jack's mother testified about tattoos Jack had in November 1990 and also testified that the surveillance photographs did not depict her son.
 
 
 9
 After the jury returned a verdict of guilty, Jack moved for acquittal pursuant to Fed.R.Crim.P. 29(c). The motion was denied.
 
 B. Analysis
 
 10
 Jack contends that the testimony of the three eyewitnesses was insufficiently reliable to support his conviction. We disagree.
 
 
 11
 Viewing the evidence in the light most favorable to the government, we review the denial of a motion for judgment of acquittal to determine whether there was substantial relevant evidence introduced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 
 12
 In determining the sufficiency of identification evidence, we give consideration to the opportunity for identification, the lapse of time between the crime and the identification, the extent of emotion, such as extreme fright, experienced by the witnesses, and the extent to which the initial description comports with the accused. United States v. Smith, 563 F.2d 1361, 1363 (9th Cir.1977), cert. denied, 434 U.S. 1021 (1978). Where the witnesses display a high degree of certainty about their identification of a suspect, minor discrepancies in their initial descriptions will not invalidate the identification. See United States v. Monks, 774 F.2d 945, 956-57 (9th Cir.1985). We recognize that "the annals of criminal law are rife with instances of mistaken identification." United States v. Wade, 388 U.S. 218, 228 (1967). Nonetheless, the testimony of a single, uncorroborated witness can be sufficient to support a conviction. Smith, 563 F.2d at 1363; see also United States v. Larios, 640 F.2d 938, 940 (9th Cir.1981) (finding sufficient evidence in testimony of single witness who was also government informant); United States v. Sims, 617 F.2d 1371, 1374 (9th Cir.1980) (upholding bank robbery conviction based primarily on victim's positive identification of robber who had obscured everything but his eyes during robbery).
 
 
 13
 Here, Jack contends that the tense circumstances of the robbery and the discrepancies between the eyewitnesses' initial identification of the perpetrator and the reality of his own characteristics rendered the eyewitnesses' testimony unreliable as a matter of law. In particular, he notes the witnesses' failure to describe multiple tattoos on his neck and arms. This contention lacks merit.
 
 
 14
 Three eyewitnesses positively identified Jack as the robber, and at least one, Garcia, had had a clear view of his face during the robbery. The interval of ten weeks between the robbery and Gomez' identification was the longest involved here; Garcia and Martinez identified Jack from the photographic line-up after 10 and 14 days, respectively. Although Gomez indicated that she had been nervous during the robbery, Garcia and Martinez, who were not the direct target of the robber's threats, were calm. As the robber kept his head down while in front of Gomez and Martinez, their failure to have noted the tattoos on the front of his neck does not render their descriptions of him inaccurate. Similarly, the expert witness' inability to identify Jack from the surveillance photographs does not invalidate the eyewitness testimony. The jury found the eyewitnesses' evidence credible after Jack had had full opportunity to cross-examine them as to the alleged inconsistencies in their testimony. This conclusion is reasonably supported by the record, and we will not disturb it. See Smith, 563 F.2d at 1363.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3