56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto Rudolfo LOPEZ, Defendant-Appellant.
 No. 93-10450.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1995.*
Decided May 16, 1995.
 
 Before: GOODWIN, POOLE, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernesto Rudolfo Lopez appeals his convictions, following a jury trial, for conspiracy to possess with intent to distribute marijuana, and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846. Lopez contends that the evidence was insufficient to support his convictions. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review a challenge to the sufficiency of evidence to determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' United States v. Leung, 35 F.3d 1402, 1405 (9th Cir. 1994), (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 115 S. Ct. 954 (1995).
 
 
 4
 Lopez does not dispute the existence of a conspiracy to distribute marijuana. Instead, he contends that the evidence was insufficient to demonstrate either his knowledge of the conspiracy or his actual possession with intent to distribute marijuana because the Government's evidence consisted in large part on the testimony of a paid informant. We reject this contention.
 
 
 5
 We have repeatedly held that the uncorroborated testimony of a paid informant may be sufficient to uphold a conviction "unless it is incredible or insubstantial." United States v. Earl, 27 F.3d 423, 425 (9th Cir. 1994) (quotation omitted); accord United States v. Larios, 640 F.2d 938, 940 (9th Cir. 1981); United States v. Paduano, 549 F.2d 145, 150 (9th Cir.), cert. denied, 434 U.S. 838 (1977). To support a conspiracy conviction, "'[e]vidence has to be produced to show that ... [Lopez] had knowledge of the conspiracy and acted in furtherance of it."' See United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir. 1993) (quoting United States v. Cloughessy, 572 F.2d 190, 191 (9th Cir. 1977) (emphasis added)). Evidence that a defendant has "even a slight connection" with a proven conspiracy is sufficient to demonstrate his knowing participation in the conspiracy. United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir. 1993). A conviction under Sec. 841(a) may be maintained under a theory of coconspirator liability. See Pinkerton v. United States, 328 U.S. 640, 647 (1946); United States v. Vasquez, 858 F.2d 1387, 1393 (9th Cir. 1988); cert. denied, 488 U.S. 1034 (1989).
 
 
 6
 We have carefully reviewed the record and cannot say that the paid informant's testimony implicating Lopez as the buyer in the drug transaction was incredible or insubstantial. See Paduano, 549 F.2d at 150; see also Larios, 640 F.2d at 940. Defense counsel thoroughly cross-examined the paid informant regarding his prior drug usage and dealing, his payments from the Drug Enforcement Administration (DEA), and the DEA's promise to provide him with assistance for his problems with the Internal Revenue Service. Despite defense counsel's attempts to undercut the veracity of the paid informant's testimony, the jury apparently chose to believe him in whole or in part. We will not disturb the jury's credibility determinations. See Leung, 35 F.3d at 1405; United States v. Lopez, 803 F.2d 969, 973 (9th Cir. 1986), cert. denied, 481 U.S. 1030 (1987). Furthermore, other Government witnesses corroborated much of the paid informant's testimony. See Paduano, 549 F.2d at 150.
 
 
 7
 Therefore, we conclude that a rational jury could have found beyond a reasonable doubt that Lopez knowingly participated in the conspiracy, see id. at 149-50, and was responsible for possession with intent to distribute the marijuana under the theory of coconspirator liability, see Pinkerton, 328 U.S. at 646-48; Vasquez, 858 F.2d at 1393-94.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34 (a); 9th Cir. R. 34-4. We omit a recitation of the facts because they are duplicative of those set forth in United States v. Wiseman, 25 F.3d 862 (9th Cir. 1994)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3