NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWIN IVAN DON'TMIX,

Defendant - Appellant.

No. 24-2687

D.C. No.
1:22-cr-00147-SPW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 31, 2025[**]
Portland, Oregon

Before: LEE and FORREST, Circuit Judges, and BENCIVENGO, District
Judge.[***]

Following a two-day trial, a jury convicted Edwin Ivan Don'tMix of two

counts of abusive sexual contact in violation of 18 U.S.C. §§ 1153(a) and 2244(a).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

On appeal, Don'tMix challenges the sufficiency of evidence supporting his conviction. He also argues that his conviction should be overturned because the government engaged in improper vouching in closing argument. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review sufficiency of the evidence de novo, with the objective of determining if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sharif*, 817 F.2d 1375, 1377 (9th Cir. 1987) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In conducting this review, the trial evidence is viewed "in the light most favorable to the government." *Id.*

Don'tMix contends that various inconsistencies undermined the testimonies of victim-witnesses Jane Doe 1 and Jane Doe 2. But we assume that the jury resolved all issues of credibility and any evidentiary conflicts in favor of the verdict. *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir. 1989) (citation omitted). Both Jane Does 1 and 2—who are sisters—testified that Don'tMix sexually abused them. Their mother, Jane Doe 1's therapist, and the case agent all corroborated portions of the victim testimony. The jury could have credited this testimony in convicting Don'tMix. *See United States v. Larios*, 640 F.2d 938, 940 (9th Cir. 1981) ("The testimony of one witness . . . is sufficient to uphold a conviction.").

Central to Don'tMix's defense and his argument on appeal is his characterization of a brief video referred to at trial as the "sledding incident." In that video, Defendant Don'tMix is observed seated directly behind Jane Doe 2 on a sled as they descend a snow-covered hill. Jane Doe 2 testified that during that sled ride, Don'tMix touched her genitals. In closing, the defense argued that the video conclusively showed that the incident Jane Doe 2 described never happened, which the defense urged reflected the falsity of the accusations against Don'tMix. The government contested that theory.

The jury was free to believe Jane Doe 2's version of events, including the supporting testimony from her mother and Jane Doe 1, both of whom recounted Jane Doe 2's disclosure of the abuse from the night of the incident. *See Larios*, 640 F.2d at 940. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the jury to convict Don'tMix on both counts of the indictment.

2. Don'tMix also argues that his conviction should be reversed because the government impermissibly vouched for defense witnesses in its closing argument. "Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993).

Given there was no objection at trial, we review for plain error. *Id.* at 1276. "To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements." *Greer v. United States*, 593 U.S. 503, 507 (2021). There must be (1) an "error" (2) that was "plain" and (3) that "affect[s] substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 507–08 (quotation marks omitted).

The backdrop for the challenged statement relates to the government's theory that Don'tMix molested Jane Doe 2 during the sledding incident. The relevant exchange follows:

> And the government absolutely disagrees with one important point on that sledding event: that it couldn't have happened. You get to consider [Jane Doe 2's] testimony, and the consistent statements made by her through [the case agent].

> She said that [Don'tMix's] hand cupped her vagina. [The case agent] told you, yes, that was consistent, she said [Don'tMix's] left hand - not shown in the video - cupped her vagina. **And guess what? We agree**.

(emphasis added). Under our precedents, the prosecutor's assertion that the government agreed with the testimony of Jane Doe 2 and the case agent was improper vouching. *See United States v. Kerr*, 981 F.2d 1050, 1054 (9th Cir. 1992) ("A prosecutor has no business telling the jury his individual impressions of the evidence.").

Under plain error review, we nevertheless affirm the conviction. Although this Circuit does not recognize a "bright-line rule" about when vouching results in reversal, several mitigating factors apply here to insulate the jury's verdict. *See Necoechea*, 986 F.2d at 1278. The vouching in question involved a single, transient remark. It related principally to an event captured on a video that the jury could itself weigh in evidence.

The improper vouching did not affect Don'tMix's substantial trial rights. Weighed against the evidence in this case, the prosecutor's commentary could not have altered the trial's outcome. *See United States v. Lew*, 875 F.2d 219, 223–24 (9th Cir. 1989) (no plain error where there was substantial independent evidence against the defendant). Ultimately, the vouching did not render the trial so unfair as to result in a miscarriage of justice. *See United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004).

**AFFIRMED.**