FILED

NOT FOR PUBLICATION

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50228 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00184-SVW-1 |
| v. | |
| | MEMORANDUM* |
| JUAN CARLOS GONZALEZ, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50358 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00397-SVW-1 |
| v. | |
| RICARDO CERVANTES, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50450 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00299-SVW-1 |
| v. | |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ALEJANDRO LEON-LEON, AKA
Alejandro Leon,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 12, 2012
Pasadena, California

Before: WARDLAW and NGUYEN, Circuit Judges, and SIMON, District Judge.[**]

Gonzalez, Cervantes, and Leon appeal their convictions following guilty pleas to single counts of being aliens found in the United States following deportation, in violation of 8 U.S.C. § 1326.[1] We vacate the convictions and sentences, and remand each of the cases to the district court for an individualized determination of whether to accept their binding plea agreements consistent with Federal Rule of Criminal Procedure 11(c).

The government charged each defendant with illegal reentry, in violation of 8 U.S.C. § 1326, and the parties entered into binding plea agreements pursuant to

_____

[**] The Honorable Michael H. Simon, District Judge for the U.S. District Court for Oregon, sitting by designation.

[1] These appeals were previously consolidated for the purpose of argument. We now consolidate them for the purpose of disposition.

Federal Rule of Criminal Procedure 11(c)(1)(C) under the Central District of California's fast-track program. The binding plea agreements were filed in the district court on March 3, 2011 (Gonzalez), May 2, 2011 (Cervantes), and April 7, 2011 (Leon), and the cases were later assigned to Judge Stephen Wilson.

During the period of time from at least September of 2010 until December of 2011, Judge Wilson was on record as maintaining a blanket policy against accepting any binding plea agreements in fast-track cases.[2] Once the cases were assigned to Judge Wilson, the parties abandoned their binding plea agreements. They entered into amended plea agreements, which provided the same sentencing recommendations, but were "non-binding" pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Each defendant pleaded guilty, the Probation Office disclosed a full pre-sentence report, and the district court sentenced each defendant to a longer term of incarceration than the parties had stipulated.

---

[2] We take judicial notice of the sentencing transcripts in *United States v. Ciballos*, CR 10-765 SVW (C.D. Cal. September 7, 2010), ECF No. 34, and *United States v. Lopez-Martinez*, CR 11-994 SVW (C.D. Cal. December 5, 2011), ECF No. 21. In *Ciballos*, Judge Wilson stated: "I'm not going to accept anymore 11(c)(1)(C) pleas, certainly in this matter, or very–other types of matters . . . ." CR 10-765-SVW ECF No. 34. In *Lopez-Martinez*, Judge Wilson stated: "[T]he U.S. Attorney's office should know by now that I don't accept those kinds of pleas . . . I won't be taking a plea where there's any understanding or agreement that I'm bound by Rule 11(c)(1)(C)." CR 11-994 SVW, ECF No. 21.

The court's blanket policy was an abuse of discretion. While Rule 11 vests district courts with broad discretion to accept or reject plea agreements, "our case law clearly establishes that the broad discretion granted by Rule 11 is not unbounded." *In re Morgan* 506 F.3d 705, 712 (9th Cir. 2007). Instead, district courts "must consider individually every sentence bargain presented to them and set forth, on the record, the court's reasons in light of the specific circumstances of the case for rejecting the bargain." *Id*. Accordingly, we have held that categorical rules limiting plea bargains are improper.[3] *Id*.

Moreover, once the district judge rejects a Rule 11(c)(1)(C) plea agreement, he is required to follow the procedures set forth in Rule 11(c)(5). These procedures require that the district judge (1) give the defendant an opportunity to withdraw his guilty plea and to proceed to trial; and (2) advise the defendant personally that if he does not withdraw his guilty plea, he may be subject to a less favorable sentence. These procedures were not followed by the district court, and, thus, Rule 11(c)(5) was violated in each of these cases.

The government represented at oral argument that, upon remand, it will offer the original 11(c)(1)(C) plea agreements to each of the defendants. Each of the

---

[3] We note that Judge Wilson no longer adheres to his blanket policy, apparently recognizing that Rule 11(c) requires him to decide on an individualized basis whether to accept a binding plea agreement.

defendants has asked for reassignment of his case to a different district court judge, given that Judge Wilson has already adjudicated their guilt, reviewed the pre-sentence reports, and imposed lengthier sentences than their agreements stipulated. We make no determination whether, under these circumstances, the district judge "would reasonably be expected to put out of his mind the information previously disclosed or the conclusion previously drawn, and without ourselves reaching any determination as to his ability to proceed impartially, to preserve the appearance of justice, and consistent with the purposes of Rule 32, we conclude reassignment is appropriate." *In re Ellis*, 356 F.3d 1198, 1211 (9th Cir. 2004) (en banc) (citing *Gregg v. United States*, 394 U.S. 489, 492 (1969)). We do not intend to impugn the impartiality or integrity of the district court judge in any way. We merely conclude that the appearance of justice in this case must be preserved through the mechanism of reassignment. Accordingly, we instruct the Clerk of the District Court for the Central District of California to reassign these cases to a different district court judge upon remand.

**VACATED and REMANDED** with instructions.