**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50453 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02000-LAB-1 |
| v. | |
| JOSE HERNANDEZ-HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 11, 2014
Pasadena, California

Before: WARDLAW, CLIFTON, and BENAVIDES,[**] Circuit Judges.

Jose Hernandez-Hernandez appeals the sentence imposed following his

guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He

contends that the district court abused its discretion when it rejected his Rule

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

11(c)(1)(B) fast track plea agreement, recalculated the sentencing guidelines range, and imposed a term of incarceration longer than was recommended by the government, but within the recalculated guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's rejection of Hernandez-Hernandez's fast-track plea agreement was not an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). Its refusal to exercise its discretion to decrease the offense level by four for early disposition was not substantively unreasonable. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) ("In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness."). Although the district judge accorded substantial deference to the government's recommendation of a four-level reduction in offense level in exchange for his fast-track plea because Congress had approved that departure, he rejected that

recommendation due to an individualized consideration of Hernandez-Hernandez's criminal and immigration history.[1]

The district court disagreed with the government that Hernandez-Hernandez was an appropriate candidate for fast-track consideration in light of the criteria set forth by the Department of Justice in a memorandum dated January 31, 2012 by James M. Cole. Hernandez-Hernandez had two previous convictions under 8 U.S.C. § 1326, at least one of which had been through the fast-track program. The offense at issue violated a special condition of supervised release with respect to the most recent 8 U.S.C. § 1326 conviction. Additionally, the probation report revealed that Hernandez-Hernandez had a lengthy criminal history, which included attempted illegal possession and use of controlled substances, assault, theft, and numerous removals, including six deportations. After recalculating the guidelines range, the district court correctly found an offense level of ten and criminal history category of five, for a sentencing range of twenty-one to twenty-seven months.

---

[1]The sentencing transcript makes clear that the district judge did not apply a "blanket policy" against fast-track plea agreements in this case. *U.S. v. Gonzalez*, 502 F. App'x 665 (9th Cir. 2012) (holding that a district court's "blanket policy against accepting any binding plea agreements in fast-track cases" was an abuse of discretion).

Turning to the factors identified in 18 U.S.C. § 3553(a), the district judge considered both aggravating and mitigating circumstances, including Hernandez-Hernandez's immigration record of prior removals and his statement at the hearing that his repeated reentries stemmed from a desire to help his family after his father's passing. The district judge did not abuse his discretion, however, in determining that a term of incarceration of twenty-four months was "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009). He reasoned that a term of twenty-four months would most appropriately deter future criminal conduct while protecting the public and promoting respect for the law.

Nor did the district court plainly err in finding that Hernandez-Hernandez had been warned not to return to the United States illegally. Hernandez-Hernandez had twice been convicted under 18 U.S.C. § 1326, and his term of supervised release included a special condition prohibiting him from reentering the United States illegally. Indeed, Hernandez-Hernandez's supervised release was subject to revocation for violating this condition.

**AFFIRMED.**