**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50419 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01736-LAB-1 |
| v. | |
| JAVIER LARA-RENTERIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 11, 2014
Pasadena, California

Before: WARDLAW, CLIFTON, and BENAVIDES,** Circuit Judges.

Javier Lara-Renteria appeals the sentence imposed following his guilty plea

conviction for illegal reentry in violation of 8 U.S.C. § 1326. He contends that the

district court abused its discretion when it rejected his Rule 11(c)(1)(B) fast-track

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Fortunato P. Benavides, Senior Circuit Judge for the
U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

plea agreement, recalculated the sentencing guidelines range, and imposed a term of incarceration longer than was recommended by the government, but within the recalculated guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's rejection of Lara-Renteria's fast-track plea agreement was not an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). Its refusal to exercise its discretion to decrease the offense level by four for early disposition was not substantively unreasonable. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) ("In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness."). Although the district judge accorded substantial deference to the government's recommendation of a four-level reduction in offense level in exchange for his fast-track plea because Congress had approved that departure, he rejected the government's

recommendation due to an individualized consideration of Lara-Renteria's criminal and immigration history.[1]

The district court disagreed with the government's conclusion that Lara-Renteria was an appropriate candidate for fast-track consideration given the criteria set forth by the Department of Justice in a memorandum dated January 31, 2012 by James M. Cole. Lara-Renteria had a recent conviction under 8 U.S.C. § 1326, for which he had violated the terms of supervised release with the offense at issue, and for which he had received fast-track treatment. The probation report also revealed Lara-Renteria's extensive criminal history, which included burglary in the second degree, possession of and carrying a concealed firearm, grand theft, and numerous removals, including one based on his conviction for an aggravated felony. Recalculating the guidelines range, the district judge correctly found an offense level of thirteen and a criminal history category of five, for a sentencing range of thirty to thirty-seven months.

---

[1]The sentencing transcript makes clear that the district judge did not apply a "blanket policy" against fast-track plea agreements in this case. *U.S. v. Gonzalez*, 502 F. App'x 665 (9th Cir. 2012) (holding that a district court's "blanket policy against accepting any binding plea agreements in fast-track cases" was an abuse of discretion).

Turning to the factors identified in 18 U.S.C. § 3553(a), the district judge considered Lara-Renteria's immigration record of prior removals in aggravation, and, in mitigation, his U.S. citizen family that resided in the United States motivating Lara-Renteria's repeated unlawful returns. The district judge did not abuse his discretion in determining that a term of incarceration of thirty-six months was "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009). He reasoned that a term of thirty-six months would most appropriately deter future criminal conduct while protecting the public and promoting respect for the law.

Nor did the district court plainly err in finding that Lara-Renteria had previously been warned not to return to the United States illegally. Lara-Renteria had been convicted under 18 U.S.C. § 1326, and his term of supervised release included a special condition prohibiting him from reentering the United States illegally and requiring him to report to the probation officer within twenty-four hours of any reentry. Indeed, his supervised release was subject to revocation for violating these conditions.

**AFFIRMED.**