**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50473 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02073-LAB-1 |
| v. | |
| PEDRO DOMINGUEZ-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 11, 2014
Pasadena, California

Before: WARDLAW, CLIFTON, and BENAVIDES,[**] Circuit Judges.

This is the third in a series of appeals where the government has agreed to a

four-level downward departure in exchange for early disposition of an 8 U.S.C. §

1326 charge pursuant to guidelines set forth by the Department of Justice in a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

memorandum dated January 31, 2012 by James M. Cole, and the district judge has rejected the plea agreement based, in part, on his disagreement with the government's interpretation of the criteria in that memorandum. But, unlike in the prior two cases, *United States v Lara-Renteria*, No. 13-50419, 2014 WL 5370067 (9th Cir. Oct. 23, 2014) and *United States v. Hernandez-Hernandez*, No. 13-504543, 2014 WL 5370071 (9th Cir. Oct. 23, 2014), some parts of the district judge's explanation cause us to question whether he may have developed an impermissible "blanket policy" of rejecting fast-track plea agreements in recidivist cases where a Mexican citizen defendant has returned to his U.S. citizen family following deportation. *See United States v. Gonzalez*, 502 F. App'x 665 (9th Cir. 2012) (holding that a district court's "blanket policy against accepting any binding plea agreements in fast-track cases" was an abuse of discretion).

It would allow us to conduct more meaningful review if the district court rejecting a fast-track plea agreement and imposing a lengthier term of incarceration than that recommended by the government would clarify the sentencing proceedings consistent with our opinion in *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc). Although the district judge has the discretion to reject the government's sentencing recommendation, the rejection cannot be arbitrary or based on a blanket policy for one type of repeat violator. And the district judge

must explain any deviation from the guidelines range, *Gall v. United States*, 552 U.S. 38, 51 (2007), as well his rejection of "specific, nonfrivolous arguments tethered to a relevant § 3553(a) factor in support of a requested sentence." *Carty*, 520 F.3d at 992.[1]

We ultimately conclude, however, that the district court's rejection of Dominguez-Garcia's fast-track plea agreement was not an abuse of discretion. *Id.* at 993. Its refusal to exercise its discretion to decrease the offense level by four for early disposition was not substantively unreasonable. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) ("In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness."). That is, the district judge rejected the government's recommendation of a four-level reduction in offense level in exchange for his fast-track plea based on an individualized consideration of Dominguez-Garcia's criminal and immigration history. This included, for

---

[1]We have recently explained the history of the fast-track plea program and its benefits to both the government and defendants in *United States v. Morales-Heredia*, 2014 WL 5018109 (9th Cir. Oct. 8, 2014). At oral argument before us, an attorney from the Federal Defenders of San Diego, Inc., stated that her office is advising clients who are to be sentenced by the district judge in this case not to enter fast-track plea agreements because of the appearance of a blanket policy against honoring them.

example, two previous convictions under 8 U.S.C. § 1325 and a charge bargain in connection with at least one of those convictions. Additionally, the probation report revealed that Dominguez-Garcia had a lengthy criminal history, which included a series of misdemeanors and a felony conviction for domestic violence. After recalculating the guidelines range, the district court correctly found an offense level of thirteen and criminal history category of four, for a sentencing range of twenty-one to thirty months.

Turning to the factors identified in 18 U.S.C. § 3553(a), the district judge considered both aggravating and mitigating circumstances, including Dominguez-Garcia's immigration record of prior removals and his steady employment history. The district judge also considered that many of Dominguez-Garcia's family members reside in the United States, including his five children. The district judge did not abuse his discretion in determining that a term of incarceration of thirty-six months was "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009).

**AFFIRMED.**