UNITED STATES of America,
Appellee,

v.

Kenneth BRICKHOUSE, also known
as KE, also known as Kenny X,
Defendant–Appellant.

No. 02–1098.

United States Court of Appeals,
Second Circuit.

Sept. 15, 2003.

Charles F. Wilson (Joseph W. Martini, Pepe & Hazard LLP, Southport, Connecticut, on the brief), for Appellant.

David J. Sheldon, Assistant United States Attorney (Jeffrey A. Meyer, Assistant United States Attorney, of counsel; Kevin J. O'Connor, United States Attorney, District of Connecticut, on the brief), for Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Kenneth Brickhouse ("Brickhouse") appeals from the denial by the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) of the defendant's request to have two paragraphs stricken from his presentence report ("PSR"). On appeal, Brickhouse argues that the District Court erred by refusing

to strike the allegedly inflammatory and irrelevant paragraphs from his PSR.

On October 9, 2001, defendant pled guilty to federal gun and drug offenses. On January 24, 2002, the defendant was sentenced to 132 months in prison. Following his guilty plea, a United States probation officer prepared a PSR which described the defendant's conduct, criminal history, potential sentence, and other background information. Under a section labeled "Other Criminal Conduct," the PSR contains the following paragraphs describing a double homicide:

25. On September 12, 1996, Rhonda Jackson, age 18, and her six month old son, Coran Johnson, were found shot to death in Stamford, Connecticut in a 1988 Toyota Camry. Ms. Johnson was found slumped over the steering wheel with a .25 caliber bullet wound to the head. Her son was found in the back seat of the car, strapped in an infant's car seat, with two .25 caliber bullet wounds to the head. The defendant became a subject of the investigation. On October 1, 1997, he testified before a federal grand jury sitting in Bridgeport, Connecticut. On December 8, 2000, he voluntarily submitted to a polygraph examination conducted by an FBI agent, the results of which let [sic] the examiner to opine that the responses were indicative of deception.

26. After being advised of his rights, he admitted to selling what he believed was the murder weapon to Andre Messam for $150 in August 1996. He admitted to lying about this to the grand jury in 1997 because he feared that Messam and his brother, Adrienne, would have killed him. He said that Adrienne Messam paid him $100 after his testimony, and that Andre Messam had offered to pay for his legal fees before his testimony. He stated that prior to his testimo-

ny, Andre Messam had contacted him and told him not to come to court, and not to say anything about selling Messam the gun. A second polygraph examination on April 4, 2001 subsequent to the statements, found these statements were indicative of deception.

Paragraph 68 of the PSR states that the allegations in the above paragraphs make Brickhouse "irreversibly connected" to the double homicide.

At sentencing, the defendant objected to paragraphs 25 and 26 and requested their deletion. The court denied the objection and further stated its decision "not to rely upon those two paragraphs in any respect." The court said that the two paragraphs "appear to be factually accurate in what they say, and just as there may be other paragraphs in the PSR that are factually accurate but don't factor into sentencing, that isn't necessarily a reason to take them out of the PSR."

On February 1, 2002, the defendant timely filed an appeal challenging the District Court's decision. The District Court's factual findings are reviewed for clear error, *United States v. Carpenter*, 320 F.3d 334, 342 (2d Cir.2003), and its decisions as to procedures needed in sentencing are reviewed for abuse of discretion, *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir.1996).

The material which can appear in a PSR is extremely broad. Title 18, section 3661 of the United States Code provides that "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Furthermore, the Second Circuit has stated that the PSR "normally contains information from a variety of sources," including "information bearing no relationship to the crime

for which the defendant is to be sentenced." *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1170–71 (2d Cir. 1983) (citing *Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969)).

As to the allegedly inflammatory nature of the objected-to material, the Second Circuit has stated that "[w]hether the decision to disregard disputed statements is made with or without benefit of an evidentiary hearing, the court usually will note its nonreliance but will not cause the inaccurate statements to be deleted from the presentence report." *Id.* at 1172. Thus, the general rule is that disregarded statements, even if inaccurate, are usually not deleted. If inaccurate statements are generally not deleted, accurate, though allegedly inflammatory statements, ought also not be deleted. *See United States v. Beatty*, 9 F.3d 686, 689 (8th Cir.1993) (holding that it was not error to refuse to delete from a PSR an accurate statement that "defendant was identified as a main [murder] suspect but was never arrested nor formally charged," noting that "[n]either due process nor Rule 32 requires a district court judge to be an editor as well as an arbiter of justice"); *cf. United States v. Legrano*, 659 F.2d 17, 18–19 (4th Cir.1981) (denying defendant's request to delete from a PSR statements that defendant had been involved for several years in a bootlegging conspiracy, where the sentencing judge stated that he would not consider the disputed information in sentencing and noted that defendant could "challenge the contents of his presentence report through administrative avenues").

Moreover, while *Charmer* spoke of the non-deletion of inaccurate statements, the District Court stated that the material in paragraphs 25 and 26 "appear[s] to be factually accurate." The court also found at least some of the material relevant stating that "[t]here is information in those paragraphs that is potentially pertinent for the Bureau of Prisons to know. The fact that the defendant sold a gun or stated he sold a gun, the fact that he admitted making false statements; that type of information may in fact be pertinent for the Bureau of Prisons at some point." In addition, at sentencing, the defendant seemed to concede the factual, if misleading, nature of the paragraphs. Therefore, the defendant is not entitled to have the objected-to material deleted from his PSR.

■ A footnote to the defendant's brief states that "[t]he record is silent as to whether the district court appended its findings to Brickhouse's PSR. At the very least, if the district court did not append its findings, Brickhouse respectfully requests that the Court remand this case with instructions for the district court to do so." Having made only passing reference to this request in a footnote, without citing any legal authority, the defendant has not properly presented the issue to the court. *See, e.g., United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir.1993) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.").

Furthermore, even if the issue had been properly raised, it is by no means clear that the District Court failed to comply with its obligations. The District Court's "Statement of Reasons for Imposing Sentence" was appended to the defendant's PSR. Therein, the court stated its determination not to delete the disputed material "because the information is factually accurate, and important for the consideration of the BOP and probation office."

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.