19-916-cr
*United States v. Pocinoc*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        JOSEPH F. BIANCO,
           *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                            No. 19-916-cr

ARTIOM POCINOC,

        *Defendant-Appellant*.[1]

---

| | |
|---|---|
| For Defendant-Appellant: | WALTER MACK, Doar Rieck Kaley & Mack, New York, NY. |
| For Appellee: | ANDREY SPEKTOR, Assistant United States Attorney (Kevin Trowel, Assistant United States Attorney, *on the brief*), *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Artiom Pocinoc appeals from an order of the United States District Court for the Eastern District of New York denying his post-sentencing motion to amend the presentence report ("PSR") prepared by the Probation Department. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Pocinoc pleaded guilty to a single count of illegal gambling in violation of 18 U.S.C. § 1955. The PSR also discusses, among other things, four types of Pocinoc's uncharged conduct outside of the crime of conviction: (1) referring a member of another organized criminal enterprise to one of his co-defendants to facilitate debt-collection; (2) running a fraudulent patent and trademark business and knowing that it was fraudulent; (3) submitting a false immigration statement by omitting his participation in the said business; and (4) making misrepresentations in applications for public benefits. In arguing that the district court should have stricken such discussions of the uncharged conduct from the PSR, Pocinoc relies on Rule 32(d)(3) of the Federal Rules of Criminal Procedure, which provides that the PSR "must exclude the following: . . . any   . . . information that, if disclosed, might result in physical or other harm to the defendant . . . ." Fed. R. Crim. P. 32(d)(3). In his view, the PSR's discussions of his uncharged conduct outside of the crime of conviction would "harm" him by influencing the resolution of his pending immigration applications.

We hold that the district court did not err in declining to make the amendments Pocinoc seeks. At sentencing, the district court carefully considered and rejected Pocinoc's objections to including the discussions of these four components of uncharged conduct—which the district court found Pocinoc to have engaged in by a preponderance of the evidence—outside of the crime of conviction. *See* Fed. R. Crim. P.

2

32(i)(3)(B).[2] These discussions in the PSR were clearly relevant "from a history and characteristics perspective under [18 U.S.C. §] 3553(a)." App'x 258. Moreover, their inclusion in the PSR is consistent with the broad scope of materials permitted in the PSR. *See United States v. Brickhouse*, 75 F. App'x 39, 40 (2d Cir. 2003) (summary order) ("The material which can appear in a PSR is extremely broad."); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Reese*, 33 F.3d 166, 174 (2d Cir. 1994) ("[A] sentencing court is free to consider . . . evidence of uncharged crimes ").[3] Similarly, to the extent that there were other disputed allegations of uncharged conduct in the PSR beyond those that were the subject of the district court's findings of fact, the district court fully complied with Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure by noting that it was not considering those additional allegations in connection with the sentencing. Having reached that conclusion, the district court was not required to delete those allegations from the PSR. *See United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1172 (2d Cir. 1983).

In addition, for the first time in his reply brief on appeal, Pocinoc contends that the district court could have "corrected" the PSR pursuant to Rule 36 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 36 ("[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). However, typically, "[w]e will not consider an argument raised for the first time in a reply brief." *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003). Even if we were to reach the merits, the inclusion of the contested discussions in

---

[2] Pocinoc's arguments to the contrary rest on out-of-context mischaracterizations of remarks by the district court. For instance, Pocinoc relies heavily on the district court's statement that it was "not going to find him guilty" of the additional criminal acts discussed in the PSR. App'x 259. This remark, however, was in the context of the district court explaining that it did not have to find that the uncharged conduct (such as fraud) rose to the level of a crime in order to properly consider such conduct for the purposes of a § 3553(a) analysis at sentencing.

[3] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

the PSR was not an error to be corrected for the reasons discussed above. Indeed, the district court reiterated its refusal to amend the PSR when it declined to address the instant motion below. *See* Special App'x 12 n.2 (declining to "revisit" Pocinoc's arguments that the PSR should be amended "as the bases upon which [Pocinoc] makes this argument were resolved during his sentencing").

Finally, Pocinoc argues that the district court violated his Fifth and Sixth Amendment rights by considering criminal conduct other than the crime of conviction at sentencing. To the degree that this argument is an effort to challenge the sentence imposed by the district court, it is foreclosed by Pocinoc's appellate waiver in his plea agreement and failure to file a notice of appeal from the district court's entry of judgment. In any event, his argument fails for the additional reason that a district court may consider uncharged conduct (whether criminal or non-criminal) proven by a preponderance of the evidence when, as here, that conduct "does not increase either the statutory minimum or maximum available punishment." *United States v. Ulbricht*, 858 F.3d 71, 128 (2d Cir. 2017).

We have considered all of Pocinoc's remaining contentions on appeal and have found in them no basis for reversal. For the reasons set forth above, the order of the district court is **AFFIRMED**.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] While we affirm the district court's order denying Pocinoc's motion to amend the PSR, we agree with Pocinoc that a copy of the court's determinations on the disputed portions of the PSR should have been appended to the copy of the PSR made available to the Bureau of Prisons. *See* Fed. R. Crim. P. 32(i)(3)(C) ("At sentencing, the court . . . (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons."). Ordinarily, appending the Statement of Reasons would be sufficient for the purpose of Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure. However, here, the district court's rulings on the controverted portions in the PSR were not adequately captured in the Statement of Reasons, and therefore the sentencing transcript should have been appended to the PSR.

Given that Pocinoc has already been released from the custody of the Bureau of Prisons, any request for such relief at this juncture is moot. However, because the records from court cases are often considered by the U.S. Immigration and Customs Enforcement, by Immigration Judges, and by the Board of Immigration Appeals, we direct that the sentencing transcript be physically attached to the PSR, and we authorize Pocinoc to send the PSR, with the sentencing transcript attached, to any department, agency, or tribunal.